GEORGE M. RICK v. JIM MURPHY, T/A MURPHY'S USED CARS,
AND WESLEY PETE FRONEBERGER.

(Filed 4 November, 1959.)

**1. Automobiles § 54f—**

Evidence tending to show that the vehicle causing the damage in suit carried the license plates issued to the driver and was registered in his name, and that the driver had employed the owner of a used car lot to construct the vehicle from a body of a car, whose motor had been damaged, and the motor from the vehicle theretofore owned by the driver, the body of which had been damaged beyond repair, *is held* insufficient to be submitted to the jury on the question of the liability of the owner of the used car lot under the doctrine of *respondeat superior*. G.S. 20-71.1.

**2. Pleadings § 3a—**

Plaintiff is not required to allege evidential facts, but only the ultimate facts constituting his cause of action.

**3. Automobiles §§ 35, 37—**

Where the complaint in an action to recover damages resulting from a collision alleges a reckless operation of his vehicle by defendant, G.S. 20-140, evidence tending to show that defendant was intoxicated at the time is competent notwithstanding the absence of allegation of defendant's violation of G.S. 20-138, since a physical condition which may cause a person to act in a given manner is merely evidentiary.

**4. Appeal and Error § 42—**

Where there is evidence that plaintiff suffered serious, painful and permanent injury in the accident in suit, a statement by the court that defendant contended that his pain and suffering seriously affected his nervous condition will not be held prejudicial for the want of allegation and evidence of injury to plaintiff's nervous condition, it being apparent from a contextual construction of the charge that the court meant merely to call attention to plaintiff's contention that the injuries were permanent and did continue to cause pain.

HIGGINS, J., not sitting.

APPEAL by defendants from *McLean, J.,* March 1959 Term, of GASTON.

The complaint alleges personal injury and property damage to plaintiff resulting from a collision between an automobile owned and operated by plaintiff and an automobile operated by defendant Froneberger as the agent and for the benefit of defendant Murphy.

The collision occurred at the intersection of Hawthorne Street and Highway 27 in Mount Holly. Traffic lights at the intersection regulate the flow of traffic. Plaintiff alleges the collision was caused by Froneberger's unlawful speed and failure to heed the traffic lights. To es-

tablish agency, plaintiff relies on G.S. 20-71.1 and his assertion that Murphy was the owner of the motor vehicle driven by Froneberger.

Plaintiff's evidence with respect to ownership is sufficient to establish these facts: Defendant Murphy, who operates a service station and used car lot, had purchased from Clayton Ball, for $20, two or three weeks prior to the collision, a 1947 Chevrolet, the motor in which was "tore up." It had two tires; it had to be towed by wrecker to Murphy's place of business. Froneberger was, in May, the owner of a 1947 Sportsmaster Chevrolet, which he had purchased from Murphy. He paid part of the purchase price in cash and gave mortgage to Murphy for the balance. The 1947 Sportsmaster was wrecked and taken to Murphy's for repair. The body was so badly damaged that repairs to it were not economically practical. Murphy agreed to provide Froneberger with a motor vehicle constructed in part from what had been the Ball car and in part from what had been the Froneberger Sportsmaster. Froneberger was to pay $35, of which $20 was the cost of parts supplied and $15 for labor. The part supplied by Murphy was the body purchased from Ball. This vehicle was to continue subject to the original chattel mortgage executed by Froneberger. The work was completed prior to 15 June, the day of the collision. On that afternoon Froneberger went to Murphy's to get his car. Murphy at first refused to let him have it but finally consented that he might try it out.

At the time of the collision the car driven by Froneberger carried the license plates issued to him for use on the Sportsmaster and a registration card showing the ownership of the Sportsmaster. The highway patrolman who investigated the wreck, testifying for plaintiff, said: "The only difference that I noticed between the car described on the registration card and the car that Froneberger was driving was the body type."

Murphy, testifying with respect to the repairs and his agreement with Froneberger, said: "As a result of that agreement, I rebuilt the automobile for him."

Issues as to agency, negligence, contributory negligence, and damages were submitted to the jury and answered in favor of plaintiff. Judgment was entered on the verdict and defendants appealed.

*Frank Battley Rankin for plaintiff, appellee.*
*Carpenter & Webb for defendant, appellants.*

RODMAN, J. Defendant Murphy's motion to nonsuit was over-

ruled. This he assigns as error. Plaintiff's evidence does not tend to establish that Murphy was the owner of the vehicle operated by Froneberger. To the contrary, it shows that the driver was the owner. It was registered in his name and carried license plates issued to him. This made a *prima facie* case of ownership. G.S. 20-71.1(b). True the body was not the same as the body described on the registration card, but the body is merely a part of the motor vehicle referred to in the statute, G.S. 20-71.1.

By definition, G.S. 20-38(p), a motor vehicle is self-propelled or propelled by electric current obtained from trolley wires. The article sold by Ball to Murphy and by Murphy to Froneberger had no means of propulsion.

The evidence clearly establishes an absence of intent on the part of either Froneberger to purchase or Murphy to sell a motor vehicle. What the evidence shows is the sale of parts owned by Murphy to be used with other parts owned by Froneberger to make for Froneberger a motor vehicle which could be operated on the highway. Froneberger was, on this evidence, the owner of the repaired or reconstructed automobile. Murphy merely had a lien for labor and material. G.S. 44-2.

G.S. 20-71.1 does not make the merchant who supplies parts or the mechanic who performs work and supplies parts responsible for the operation of a repaired or rebuilt motor vehicle. Defendant Murphy's motion for nonsuit should have been allowed.

The evidence was sufficient to establish negligence by Froneberger causing the collision. He does not here argue to the contrary.

Lewis Ball, a witness for plaintiff, testified that he saw Froneberger about five minutes prior to the collision and observed his condition. Counsel for plaintiff then asked: "What, if anything, was his condition with reference to drunk or sober?" Defendant's objection was overruled, and the witness answered: "He was drinking." The court, in reviewing the evidence, called attention to this testimony.

Froneberger assigns as error the admission of this evidence and reference thereto in the charge. The complaint does not charge a violation of G.S. 20-138, which prohibits the operation of a motor vehicle while under the influence of intoxicating beverages. It charges a reckless operation prohibited by G.S. 20-140. Plaintiff was not required to allege evidential facts. An allegation of the ultimate facts sufficed. *Pinnix v. Toomey,* 242 N.C. 358, 87, S.E. 2d 893; *Spake v. Pearlman,* 222 N.C. 62, 21 S.E. 2d 881. A physical condition which may cause a person to act in a given manner is merely evidentiary, not the ultimate fact on which liability must rest.

RICK *v*. MURPHY.

The right to offer evidence of the consumption of alcoholic beverages by the driver in vehicle collision cases on an allegation of negligence without specific allegation of intoxication was considered in *Fox v. Hopkins,* 343 Ill. App. 404, 26 A.L.R. 2d 352. Cases considering the question are gathered in the note appearing in A.L.R. The annotator summarizes the conclusion which the courts have reached thus: "In nearly all of the vehicle accident cases in which the question has arisen, whether the pleading alleged the negligence of the defendant or his agent, or contributory negligence on the part of the plaintiff or his decedent, it has been held or recognized that evidence tending to prove the opposing party's intoxication was admissible, notwithstanding the pleading failed to allege such intoxication." The evidence to which the assignment is directed was competent.

Plaintiff was carried to a hospital where he remained for nine days. Six of his ribs were broken, two crushed; his leg and hand were cut. He sustained head injuries; he was out of work for seven weeks. The collision occurred in June 1957. The case was tried in March 1959. Plaintiff testified: "I have not fully recovered as a result of these injuries. I still have hurting in my head, and my ribs still—in cold weather I still have trouble with my ribs." Plaintiff alleged permanent injuries. He did not specifically allege injury to his nervous system. In stating plaintiff's contentions, the court said: "He says and contends that the pain and suffering which he sustained seriously affected his nervous system and will continue to do so." Defendant assigns this statement of contention as error, contending there was no allegation or evidence of injury to the nervous system. When the charge is read as a whole, it is apparent that the court merely meant to call attention to plaintiff's contention that the injuries were permanent and would continue to cause pain. Prejudicial error has not been established by Froneberger.

On defendant Murphy's appeal — Reversed.

On defendant Froneberger's appeal — No error.

HIGGINS, J., not sitting.