THOMAS SULLIVAN ATKINS v. EDDIE LEE MOYE AND BARNEY
BURKE TRANSFER COMPANY, INC., A CORPORATION

No. 16

(Filed 14 October 1970)

1. **Automboiles § 88— automobile accident — contributory negligence — issue of plaintiff's intoxication**

    Issue of plaintiff's contributory negligence in driving under the influence of intoxicating liquor at the time when plaintiff's automobile collided into the rear of defendant's truck which had stopped on the highway, *held* properly submitted to the jury, where (1) defendant testified that plaintiff had the odor of alcohol on his breath; (2) a highway patrolman testified that he detected the odor of alcohol in plaintiff's car and found under the front seat a pint bottle containing a small amount of whiskey; and (3) there was evidence that plaintiff, traveling at 30 mph, failed to see the truck until he was ten feet away, notwithstanding the presence of lights and reflectors on the truck.

2. **Negligence § 26— contributory negligence — burden of proof**

    A defendant who asserts plaintiff's contributory negligence as a defense has the burden of proving it, and his contention that certain acts or conduct of the plaintiff constituted contributory negligence should not be submitted to the jury unless there is evidence from which such conduct might reasonably be inferred.

3. **Negligence § 34— contributory negligence — submission to jury — sufficiency of evidence**

    A defendant is entitled to have any evidence tending to establish contributory negligence considered in the light most favorable to him and, if diverse inferences can reasonably be drawn from it, the evidence must be submitted to the jury with appropriate instructions as to its bearing upon the issue.

4. **Automobiles §§ 50.5, 127— driving under the influence — evidence of intoxication**

    An odor of alcohol on the breath of the driver of an automobile is evidence that he has been drinking; however, an odor, standing alone, is no evidence that he is under the influence of an intoxicant, and the mere fact that one has had a drink will not support such a finding.

**5. Automobiles § 127— driving under the influence — prima facie case**

The fact that a motorist has been drinking, when considered in connection with faulty driving or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show a violation of G.S. 20-138.

**6. Automobiles § 90— automobile accident case — instruction on plaintiff's intoxication**

In a personal injury action arising out of a collision between plaintiff's automobile and defendant's truck, the trial court erred in failing to instruct the jury what effect a finding of plaintiff's intoxication at the time of the collision would have upon the issue of plaintiff's contributory negligence. G.S. 1-180.

**7. Automobiles § 50.5— automobile accident — effect of motorist's intoxication**

Mere proof that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal relation between his condition and the collision; his condition must have caused him to violate a rule of the road and to operate his vehicle in a manner which was a proximate cause of the collision.

**8. Automobiles § 50.5— intoxication and negligence — consideration of evidence**

Evidence tending to show that the operator of a motor vehicle was under the influence of liquor at the time of the accident is a pertinent circumstance for the jury to consider, not as conclusively establishing his negligence as a proximate cause of the collision if he was under the influence, but in determining whether he was capable of keeping a proper lookout, of maintaining proper control over his automobile, and of coping with highway and weather conditions in the manner of the reasonably prudent person.

Justice HIGGINS concurring in result.

Defendants appeal under G.S. 7A-30 (2) from the decision of the Court of Appeals which awarded plaintiff a new trial for errors assigned in the trial conducted by *Snepp, J.,* at the 16 June 1969 Session of BUNCOMBE. The decision is reported in 8 N.C. App. 126.

This action is for damages resulting from a collision of motor vehicles. About 10:00 p.m. on 11 December 1964, plaintiff (aged 51) was driving his Pontiac automobile between Canton and Asheville. He was traveling easterly in the southernmost lane of U. S. Highway 19-23, a three-lane, blacktop highway. Rain was falling, and there were patches of fog on the highway. Visibility was poor. At a point about 208 feet east of the intersection of No. 19-23 with Interstate 40, and about 400 feet west of the driveway into his home, plaintiff collided with the rear end of a tractor-trailer owned by defendant Transfer Company

and operated by its employee, defendant Moye. The 38-foot trailer, loaded with lumber, was stopped in plaintiff's lane of travel.

In the collision plaintiff sustained serious personal injuries and property damage which, he alleges, were proximately caused by defendants' negligence in that (1) the tractor-trailer was parked on the paved portion of the highway in the nighttime without warning flares or lanterns in violation of G.S. 20-161; and (2) defendants failed to display on the unit the lights and reflectors required by G.S. 20-129.1 and G.S. 20-134. Answering the complaint, defendants denied the allegations of their negligence and alleged that the collision was caused solely by plaintiff's negligence in that (1) he was driving at an excessive speed considering the darkness and weather conditions; (2) he was operating his automobile at a time when his faculties were appreciably impaired by the consumption of intoxicating beverages; and (3) he failed to keep a proper lookout and to have his car under proper control. Defendants also pled these specifications as contributory negligence.

Plaintiff's testimony tended to show: At the time of the collision he was traveling on a straight road, slightly upgrade, at a speed of about 30 MPH. His lights were on dim. He was temporarily blinded by the bright headlights of a car going west. Just as the car passed him, he saw a dark mass about ten feet away. It was the back end of defendants' trailer standing in his lane of travel with no lights, reflectors, or flares of any kind on it or back of it. The trailer was heavily loaded with lumber. The collision rendered plaintiff unconscious. He remained semiconscious during four of his fourteen days in the hospital.

Defendant Moye's testimony tended to show: On the day of the collision he left Atlanta, Georgia, about 3:00 p.m., en route to Hickory, North Carolina, with a load of lumber. He was driving defendant Transfer Company's International tractor and 38-foot, flatbed trailer. Moye (aged 43) had driven about 200 miles when he passed the intersection of highways 19-23 and I-40. As he started upgrade just west of plaintiff's driveway, the tractor-trailer brakes "froze" as a result of the dampness. He pulled to the right until the front end of the tractor began to lean. Then, fearing that the load of lumber would turn over, he stopped with about one-half of the trailer still on the traveled portion of the highway. He turned on the two "trouble

lights," which began blinking behind the trailer. In addition to these, there were four or five other lights burning on the back of the trailer. He then placed two reflectors behind the trailer, one at the rear end and the other 25 feet behind it. He had no fusees, lanterns, or flares of any kind. As he prepared to get under the trailer to adjust the brakes he saw plaintiff's car approaching about 400 feet away. He "dialed" with his flashlight and, when the car did not break its speed, Moye ran across the highway to the north just before plaintiff's Pontiac "rammed into the back of the trailer." No westbound cars had passed before Moye saw plaintiff's automobile. After the collision a passing motorist summoned Patrolman Kincaid. Moye said, "When the patrolman came, I noticed a whiskey bottle in Mr. Atkins' car. By me getting up to him I could easily smell the odor on his breath, the odor of whiskey."

Patrolman Kincaid, who investigated the accident, testified: He arrived at the scene of the collision about 10:15 p.m. and found both plaintiff's Pontiac and defendants' tractor-trailer on highway No. 19-23. Plaintiff was unconscious in his automobile. The trailer was entirely within the eastbound lane; no part of it was off the traveled portion of the highway. The tractor "was partially angled toward the right shoulder." Kincaid saw seven burning lights on the rear of the tractor-trailer unit, but there were no flares or reflectors on the highway. Moye told Kincaid that his brakes "froze" and that he had just alighted from the tractor when plaintiff hit the trailer. At the point of impact, visibility was unobstructed for several hundred feet to the west. Kincaid, who was "in close proximity" to plaintiff, "did not observe any odor whatever of an alcoholic nature on his person." He did observe such an odor in the car, and he found "a small portion of a pint" on the floorboard under the front seat. The cap was on the bottle. It was possible that some portion of the liquor had leaked out; Kincaid could not tell about that. On his accident report he noted that plaintiff had been drinking, but whether he "had evidence to substantiate this (he) wouldn't possibly say." After the patrolman had completed his investigation at the scene and an ambulance had taken plaintiff to the hospital, he directed Moye to follow him in the tractor-trailer to a filling station a short distance away. There Moye parked his unit and went with the patrolman to the hospital. As soon as he got into the patrol car Moye fell asleep and slept until they arrived at the hospital.

The ambulance attendent who removed plaintiff from his car testified that he detected no odor of alcohol upon him. Plaintiff's wife, who kissed him when she arrived at the hospital about 11:00 p.m., also said she detected no odor of alcohol upon him. Plaintiff testified that he had drunk no intoxicating beverages of any kind that day. Approximately three minutes before the collision he had left the Owl Drive-in where he had had a cup of coffee and visited for thirty minutes with Ernest Scaggs, the proprietor. Scaggs testified that he did not sell beer; that plaintiff was perfectly sober and normal when he left his place; and that he detected no odor of alcohol about him. According to plaintiff, the bottle containing the small amount of whiskey which the patrolman found in his car had been under the front seat for ten days prior to the accident. The bottle, with that amount of whiskey in it, had been given to him. He had forgotten about it and had never drunk any part of its contents.

The court submitted to the jury the usual issues of negligence, contributory negligence, and damages. The jury answered both the issue of defendants' negligence and plaintiff's contributory negligence in the affirmative. From the judgment dismissing the action plaintiff appealed to the Court of Appeals, assigning errors in the charge. Judges Morris and Vaughn ordered a new trial upon grounds which will be hereinafter discussed in the opinion. Chief Judge Mallard dissented, and defendants appealed.

*Bennett, Kelly and Long for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes and Hyde for defendant appellant.*

SHARP, Justice.

The trial judge instructed the jury that by statute, G.S. 20-138, it is unlawful for any person who is under the influence of intoxicating liquor to drive any vehicle upon the highways within this State and that a violation of this statute is negligence *per se. Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1. He explained that a person is under the influence of intoxicating liquor within the meaning of the statute when he has drunk a sufficient quantity of intoxicating beverage to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties. *State v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688.

*Cf. State v. Painter,* 261 N.C. 332, 134 S.E. 2d 638. After reciting defendants' contention that plaintiff was operating his vehicle while under the influence of intoxicating liquor at the time of the collision, and after referring to the evidence upon which defendants based this contention, the judge charged: ". . . [I]f the defendant has satisfied you by the greater weight of the evidence that on this occasion the plaintiff was operating his motor vehicle on this highway while he was under the influence of some intoxicating liquor, as I have defined that term to you, then that would be negligence on the part of the plaintiff. If you are further so satisfied that this contributed to the plaintiff's own injuries, then this would be contributory negligence upon the part of the plaintiff."

Plaintiff excepted to the foregoing charge on the grounds that (1) there was no evidence he was operating his automobile while under the influence of intoxicants; and (2) conceding, *arguendo,* there was such evidence, the judge did not, as then required by G.S. 1-180, explain the application of G.S. 20-138 to the evidence in the case. (G.S. 1-180 is now applicable only to criminal cases. Civil cases are governed by N. C. R. Civ. P. 51(a), which incorporates the substance of the section.)

[1] The Court of Appeals held that the evidence was not sufficient to warrant a finding by the jury that plaintiff was driving under the influence of an intoxicant. A new trial was ordered because it could not be known "whether the jury's answer to the second issue (contributory negligence) was based upon a finding, under the instructions of the court, that plaintiff was driving under the influence at the time of the accident." Defendants' appeal requires us to consider *de novo* plaintiff's assignments of error to the charge.

[2, 3] A defendant who asserts plaintiff's contributory negligence as a defense has the burden of proving it, and a contention that certain acts or conduct of the plaintiff constituted contributory negligence should not be submitted to the jury unless there is evidence from which such conduct might reasonably be inferred. A defendant, however, is entitled to have any evidence tending to establish contributory negligence considered in the light most favorable to him and, if diverse inferences can reasonably be drawn from it, the evidence must be submitted to the jury with appropriate instructions as to its bearing upon the issue. *Jones v. Holt,* 268 N.C. 381, 150 S.E. 2d 759; *Moore v.*

*Hales,* 266 N.C. 482, 146 S.E. 2d 385; 6 N. C. Index 2d *Negligence* § 34 (1968).

The evidence upon which defendants base their contention that plaintiff was under the influence of an intoxicant at the time of the collision, taken as true and considered in the light most favorable to defendants, may be stated as follows: Plaintiff, traveling at 30 MPH upon a straight road, failed to see a tractor-trailer stopped in his lane of travel until he was ten feet from it although seven lights—two of them blinking "trouble lights"— were burning on the rear of the unit. He failed to see the two reflectors which Moye had placed in the highway, one at the rear of the trailer and the other twenty-five feet from it. He failed to see the "dialed" signal from Moye's flashlight, which he began to wave when he saw plaintiff's car approaching 400 feet away and continued to wave until he ran across the highway to avoid the collision. No westbound car passed. Plaintiff did not "break his speed" until he "rammed into the back of the trailer." Finally, Moye smelled the odor of alcohol on plaintiff's breath. Kincaid detected the odor of alcohol in plaintiff's automobile and on the floorboard under the front seat, there was a pint bottle containing a small amount of whiskey. The cap was on the bottle.

[4, 5] An odor of alcohol on the breath of the driver of an automobile is evidence that he has been drinking. *Boehm v. St. Louis Public Service Co.,* 368 S.W. 2d 361 (Mo.). However, an odor, *standing alone,* is no evidence that he is under the influence of an intoxicant, *Baldwin v. Schipper,* 155 Colo. 197, 393 P. 2d 363, and the *mere* fact that one has had a drink will not support such a finding. *McCarty v. Purser,* 373 S.W. 2d 293 (Tex. Civ. App.). Notwithstanding, the "[f]act that a motorist has been drinking, when considered in connection with faulty driving . . . or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show a violation of G.S. 20-138." *State v. Hewitt,* 263 N.C. 759, 140 S.E. 2d 241.

[1] We hold that the evidence of the "broken pint" and the odor of alcohol on plaintiff's breath and in his automobile, when taken in conjunction with his failure to take any action to avoid a collision with the truck, was sufficient to support a finding that plaintiff's faculties had been appreciably impaired by the consumption of an alcoholic beverage. It is quite true, as pointed out in the majority opinion of the Court of Appeals, that the

only testimony of any odor of alcohol on plaintiff's breath came from defendant Moye. We also note that plaintiff testified he had consumed no alcoholic beverages all day and that he failed to see the truck because the lights of an approaching car, reflected on the wet, blacktop pavement, blinded him. The credibility of the witnesses and conflicts in the evidence, however, are for the jury, not the court. G.S. 1-180, N. C. R. Civ. P. 51(a).

[6] The vice of the instruction of which plaintiff complained in his appeal to the Court of Appeals is not that it permitted the jury to consider the question whether plaintiff was under the influence of alcohol at the time of the collision but that it failed to explain, as required by G.S. 1-180, what bearing such a finding, if made, would have upon the issue of plaintiff's contributory negligence.

[7] Unquestionably a motorist is guilty of negligence if he operates a motor vehicle on the highway while under the influence of intoxicating liquor. Such conduct, however, will not constitute either actionable negligence or contributory negligence unless—like any other negligence—it is causally related to the accident. *Shaw v. Phillips,* 193 So. 2d 717 (Miss.) ; *Lynn v. Stinnette,* 147 Ore. 105, 31 P. 2d 764. Mere proof that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal relation between his condition and the collision. His condition must have caused him to violate a rule of the road and to operate his vehicle in a manner which was a proximate cause of the collision. *State v. Lowery,* 223 N.C. 598, 27 S.E. 2d 638. In *Anderson v. Morgan,* 73 Ariz. 344, 241 P. 2d 786, a truck, being operated in its proper lane by a defendant, who was under the influence of liquor, was struck by an automobile which crossed the center line of the highway to collide with it. In dismissing a wrongful death action against the defendant the court said: "[A]lthough appellant was found to be intoxicated, there is no substantial evidence in the record to support the finding that his operation of his truck at the time and place of the accident proximately caused the injury or death of appellee's intestate." *Id.* at 789. In other words, the cause of the collision was totally unrelated to the defendant's intoxication.

Here, in resolving the issue of plaintiff's contributory negligence, the crucial question is not whether he was under the influence of an intoxicant but whether he was exercising due care in the operation of his automobile. The rationale of *Hoke*

*v. Greyhound Corp.*, 227 N.C. 412, 422, 42 S.E. 2d 593, 600, is applicable. In that case the operator of a defendant's car was a child under 16. The court said: "The question is not as to her competency to drive, but whether she was operating the car at the time in accordance with the duty imposed by law upon operators of automobiles, that is, whether she was exercising the degree of care which an ordinarily prudent person would exercise under similar circumstances." *See also Watters v. Parrish, supra.*

[8]    Evidence tending to show that the operator of a motor vehicle was under the influence of liquor is a pertinent circumstance for the jury to consider, not as conclusively establishing his negligence as a proximate cause of the collision if he was under the influence, but in determining whether he was capable of keeping a proper lookout, of maintaining proper control over his automobile, and of coping with highway and weather conditions in the manner of the reasonably prudent person. *Boehm v. St. Louis Public Service Co., supra; Lynn v. Stinnette, supra; Bohlmann v. Booth,* 196 So. 2d 507 (Fla. App.); *Rhoades v. Atchison, T. & S. F. Ry. Co.,* 121 Kan. 324, 246 P. 994; *Kirby v. Turner Day & Woolworth Handle Co.,* 50 F. Supp. 469; see Annot., 26 A.L.R. 2d 359, 364; 8 Am. Jur. 2d *Automobiles and Highway Traffic* § 939 (1963).

In *Rick v. Murphy,* 251 N.C. 162, 110 S.E. 2d 815, plaintiff sued for personal injuries sustained in a collision between his automobile and a vehicle operated by the defendant Froneberger. Although plaintiff had not alleged a violation of G.S. 20-138, the court held evidence of Froneberger's intoxication to be competent: "A physical condition which may cause a person to act in a given manner is merely evidentiary, not the ultimate fact on which liability must rest." *Id.* at 164, 110 S.E. 2d at 817.

We hold that plaintiff is entitled to a new trial, but not because the judge submitted to the jury the question whether plaintiff was operating his automobile while under the influence of an intoxicant. The prejudicial error was the judge's failure to instruct that if the jury found plaintiff to have been under the influence such condition would merely be evidence to be considered along with all the other evidence in determining whether he was chargeable with contributory negligence; that for a finding that plaintiff was under the influence to be conclusive of the issue it must be accompanied by the further find-

---

ing that such condition caused him to operate his automobile in a manner which constituted a proximate cause of the collision. Thus, we approve the decision of the Court of Appeals ordering a new trial but not the reasoning upon which it was based.

Affirmed.

Justice HIGGINS concurring in result:

In my opinion the plaintiff is entitled to a new trial. However, I am unable to agree that there is sufficient evidence in the record to warrant the court in permitting the jury to infer the plaintiff was driving under the influence of liquor, and upon that inference to draw the further inference he was guilty of contributory negligence. I concur in the result.