EDWARD FOREST JOHNSON, BY HIS NEXT FRIEND, EDWARD DANIEL JOHNSON, NOW BY HIS GUARDIAN AD LITEM, DORIS BLACKBURN JOHNSON v. HAROLD JUNIOR SIMMONS, TOLSON AND COLEMAN AND DIXIE BEDDING COMPANY

EDWARD DANIEL JOHNSON, SUCCESSOR IN INTEREST, DORIS BLACKBURN JOHNSON v. HAROLD JUNIOR SIMMONS, TOLSON AND COLEMAN AND DIXIE BEDDING COMPANY

No. 705SC670

(Filed 16 December 1970)

1. Automobiles § 72— accident case — doctrine of sudden emergency — sufficiency of evidence

In a minor plaintiff's action for injuries received when his motorcycle collided into the defendant's truck that was turning across the plaintiff's lane of travel, plaintiff's evidence did not warrant an instruction on the doctrine of sudden emergency, where the plaintiff testified (1) that when he first observed the truck a block and a half away the truck was off the edge of the pavement and appeared to be completely stopped, (2) that he saw the truck beginning to pull out onto the pavement when he was less than one hundred feet away, and (3) that the truck entered his lane of travel when he was approximately forty-five feet away.

2. Trial § 33— instructions to the jury — application of law to the evidence

The court is required to declare the law and apply the evidence thereto in regard to each substantial and essential feature of the case without any request for special instructions.

3. Automobiles § 21— doctrine of sudden emergency

The doctrine of sudden emergency is not available to one who by his own negligence has brought about or contributed to the emergency.

4. Appeal and Error § 53— error cured by verdict

When the issue of defendant's negligence was answered in favor of the plaintiffs, plaintiffs were not prejudiced by the admission of challenged testimony that related to the negligence of defendant.

5. Negligence §§ 38, 42— contributory negligence — instructions on defendant's burden of proof

Trial court's instructions that, before the jury could answer the question of contributory negligence against the plaintiff, the defendants must satisfy them by the greater weight of the evidence that the plaintiff was guilty of negligence and that such negligence in one or more respects concurred with the negligence of defendants as a proximate cause of plaintiff's injuries, held sufficient to establish defendant's burden of proof on the issue of contributory negligence.

APPEAL by plaintiffs from *Cowper, Superior Court Judge,* June 1970 Session of NEW HANOVER Superior Court.

These are civil actions instituted by the minor plaintiff, Edward Forest Johnson, and his father, Edward Daniel Johnson, to recover compensation for personal injuries, loss of services, and medical expenses allegedly resulting from the negligence of the defendants in the operation of a leased tractor-trailer rig on 16 May 1968.

On the afternoon in question the plaintiff, Edward Forest Johnson, eighteen years old, and his cousin rented two Honda motorcycles in Carolina Beach, North Carolina. The minor plaintiff had never driven a motorcycle before that day but was given operating and riding instructions by the rental agent. Approximately one hour later the plaintiff and his cousin were riding the motorcycles in a northerly direction on U. S. Highway 421 in the town of Kure Beach, North Carolina. The defendant, Harold Junior Simmons, was operating a tractor-trailer rig leased by defendant Dixie Bedding Company. Simmons had pulled the truck off the pavement of the southern bound lane of U. S. Highway 421 at the intersection of "I" Street in preparation for making a U-turn. The plaintiff testified that when he first saw the truck it was off the edge of the pavement facing him about a block to a block and one-half away and appeared to be "completely stopped, standing still." He further testified that he saw the truck begin to pull out onto the pavement when he was less than one hundred feet away, and that when he was approximately forty-five feet away the truck entered his lane of travel. The plaintiff braked and geared down the motorcycle in an attempt to stop, but struck the truck somewhere in the side near the rear wheels, resulting in personal injury to him.

The issues of negligence, contributory negligence, and damages were submitted to the jury in each case. The jury for its verdict found in each case that the minor plaintiff was injured by the negligence of the defendants, and that the minor plaintiff, Edward Forest Johnson, did by his own negligence contribute to his injuries.

From the entry of judgment on the verdict in each case, the plaintiffs appealed.

*Stevens, Burgwin, McGhee & Ryals, by Ellis L. Aycock, for plaintiff appellants.*

*Marshall, Williams & Gorham, by Lonnie B. Williams; John F. Crossley, by Robert White Johnson, for defendant appellees.*

HEDRICK, Judge.

The plaintiffs bring forth and argue a total of twenty assignments of error which may be grouped into three major contentions.

[1-3] First, the plaintiffs argue that the court committed prejudicial error by failing to instruct the jury with regard to the doctrine of sudden emergency. The court is required to declare the law and apply the evidence thereto in regard to each substantial and essential feature of the case without any request for special instructions. *Rodgers v. Thompson,* 256 N.C. 265, 123 S.E. 2d 785 (1962) ; *Tharpe v. Brewer,* 7 N.C. App. 432, 172 S.E. 2d 919 (1970). The principle of sudden emergency is not available to one who by his own negligence has brought about or contributed to the emergency. *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593 (1947) ; *Rodgers v. Thompson, supra.* Applying these principles to the instant case, the court was required to instruct the jury on the doctrine of sudden emergency, even in the absence of special request, only if the evidence disclosed that a sudden emergency did in fact exist and that the plaintiffs did not in any way contribute to it. *Hoke v. Greyhound Corp., supra.*

The minor plaintiff's testimony in the instant case reveals that when he first observed the defendants' truck it was off the edge of the pavement facing him about a block to a block and a half away and appeared to be completely stopped. He further testified that he saw the truck begin to pull out onto the pavement when he was less than one hundred feet away, and that when he was approximately forty-five feet away the truck entered his lane of travel. Thus, it appears that insofar as the plaintiffs are concerned any sudden emergency which may have existed arose as a result of the minor plaintiff's failure to keep and maintain a proper lookout, and his lack of due care under the circumstances then and there existing.

[4] Next, the plaintiffs contend that the court erred in the admission of certain testimony. An examination of each exception upon which these assignments of error are based reveals that the testimony complained of related to the negligence of the defendant. The jury answered the issue as to the negligence of the defendant in favor of the plaintiffs; therefore, the plaintiffs have not shown any prejudicial error by the admission of the challenged testimony.

[5]  Finally, the plaintiffs contend that the court failed to charge the jury that the burden of proof with respect to the issue of contributory negligence was on the defendant. We have carefully reviewed the challenged portion of the charge, and find that the trial judge repeatedly instructed the jury that before they could answer the question of contributory negligence against the plaintiffs, the defendants must satisfy them by the "greater weight of the evidence" that the minor plaintiff was guilty of negligence and that such negligence in one or more respects concurred with the negligence of the defendants as a proximate cause of the injuries to the minor plaintiff.

We have examined and considered all the plaintiffs' assignments of error and find that the plaintiffs had a fair trial in the superior court free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.