HARVEY RHODES WHITE, JR. v. RICHARD L. GREER

No. 8120SC441

(Filed 19 January 1982)

1. Automobiles § 88— contributory negligence—sufficiency of evidence

    In an automobile accident case where plaintiff's motorcycle hit the rear of defendant's car as defendant's car was turning into a driveway, the evidence was sufficient to require submission of the issue of contributory negligence to the jury as the jury could find the plaintiff contributorily negligent in that he (1) drove at a speed greater than reasonable in violation of G.S. 20-141(a), (2) failed to keep a reasonable lookout, and (3) failed to maintain proper control.

2. Automobiles § 72.1— sudden emergency—failure to instruct proper

    There was no error in the court's failure to charge on the doctrine of sudden emergency where the evidence tended to show that plaintiff, if negligent, was negligent in creating the emergency in that he failed to keep a reasonable lookout, to maintain proper control, or drove at an excessive speed. The doctrine of sudden emergency applies in situations where defendant's negligence creates the sudden emergency and plaintiff's acts have not brought about or contributed to the emergency.

3. Trial § 33.3— instructions—summarizing contentions of parties

    In an automobile accident case, plaintiff's argument that the court erred in failing to summarize the investigating officer's testimony was without merit as the trial judge is not required to name and summarize the testimony of

each witness. G.S. 1A-1, Rule 51(a) requires the judge to state the evidence necessary to explain the application of the law and to give equal stress to the contentions of the various parties.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 28 October 1980 in Superior Court, MOORE County. Heard in the Court of Appeals 10 December 1981.

Plaintiff filed this action against defendant for injuries suffered as a result of the collision of defendant's car with plaintiff's motorcycle. Plaintiff alleged that defendant was negligent in that he turned left in front of plaintiff's motorcycle, causing the two vehicles to collide. Plaintiff prayed for $75,000 in damages.

Defendant's answer denied negligence, alleged contributory negligence by plaintiff, and counterclaimed for $1,000 in property damage resulting from the collision.

Plaintiff's reply denied contributory negligence and alleged in the alternative that defendant had the last clear chance to avoid the collision.

At the trial plaintiff's evidence tended to show the following: On the morning of 1 May 1977, plaintiff was driving his motorcycle west on Bethesda Avenue in Aberdeen, North Carolina, at a speed of 30 to 35 miles per hour. There is a crest in the road where Bethesda Avenue intersects Cypress Street, about 275 to 300 feet from the driveway where the collision occurred. As plaintiff came over the crest, he saw defendant's car in the eastbound lane with the left turn signal blinking, either stopped or moving very slowly. Defendant's car suddenly turned in front of plaintiff. Plaintiff locked the rear brakes and skidded, and the two vehicles collided. Plaintiff presented evidence about his injuries and medical treatment.

Officer Arthur Frye investigated the accident. He testified that the distance from the intersection to the driveway where the accident occurred is about 278 feet and that the skid marks from plaintiff's motorcycle were 62 feet long. Defendant told Frye he did not see the motorcycle. Plaintiff told Frye that defendant did not give a turn signal.

Defendant testified that he signaled a left turn as he approached the driveway and started a slow turn into the driveway

when he saw the road was clear. He had started into the driveway when he saw the motorcycle. The front of plaintiff's motorcycle hit the right rear fender of the car. About seven or eight feet of defendant's car was still on the pavement when the accident occurred. Defendant testified that the skid marks were 88 feet long.

The jury found that defendant was negligent and that plaintiff was contributorily negligent. Plaintiff appeals.

*Van Camp, Gill & Crumpler by James R. Van Camp, Douglas R. Gill and H. Morris Caddell, Jr., for plaintiff appellant.*

*McLeod & Senter by Joe McLeod and William L. Senter for defendant appellee.*

CLARK, Judge.

[1] Plaintiff contends that the issue of contributory negligence should not have been submitted to the jury and that the court erred in its instructions on contributory negligence. A defendant who asserts contributory negligence as a defense has the burden of proving it. The issue of contributory negligence should not be submitted to a jury unless there is evidence from which such conduct might reasonably be inferred. *Atkins v. Moye*, 277 N.C. 179, 176 S.E. 2d 789 (1970); *Harris v. Freeman*, 18 N.C. App. 85, 196 S.E. 2d 48 (1973). "A defendant, however, is entitled to have any evidence tending to establish contributory negligence considered in the light most favorable to him and, if diverse inferences can reasonably be drawn from it, the evidence must be submitted to the jury with appropriate instructions as to its bearing upon the issue." *Atkins v. Moye, supra,* at 184, 176 S.E. 2d at 793.

There was evidence that plaintiff drove his motorcycle on a municipal street over the crest of a hill at the maximum speed limit of 35 miles per hour, that defendant's car proceeded at a slow speed from the eastbound lane to the left and almost entirely across the westbound lane to a private driveway before being struck at the rear fender, that plaintiff's motorcycle left skid marks on the street for a distance of 88 feet, that the crest of the hill was some 275 feet from the point of impact, and that defendant looked but did not see the motorcycle approaching when he began his turn. This evidence was sufficient, when considered in

the light most favorable to the defendant, to require the submission of the contributory negligence issue to the jury, and to support the charge to the jury that it could find the plaintiff contributorily negligent in that he (1) drove at a speed greater than reasonable in violation of G.S. 20-141(a), (2) failed to keep a reasonable lookout, and (3) failed to maintain proper control.

The trial judge correctly stated the principles of law concerning a driver's duty to drive at a reasonable speed, to keep a proper lookout, and to maintain control of his vehicle. He correctly defined the burden of proof, negligence, and proximate cause, including foreseeability. The court related to the jury the specific acts or omissions which, under the pleadings and evidence, could constitute contributory negligence. We think the instructions on contributory negligence were sufficient, and no prejudicial error appears. *See Clay v. Garner*, 16 N.C. App. 510, 192 S.E. 2d 672 (1972).

[2] The plaintiff next argues that the court committed prejudicial error by failing to instruct the jury on the doctrine of sudden emergency. The court is required to state the law and apply the evidence thereto in regard to each substantial and essential feature of the case, even in the absence of a properly submitted request for special instructions. *Johnson v. Simmons*, 10 N.C. App. 113, 177 S.E. 2d 721 (1970), *cert. denied*, 277 N.C. 726, 178 S.E. 2d 832 (1971). The doctrine of sudden emergency applies in situations where defendant's negligence creates the sudden emergency and plaintiff's acts have not brought about or contributed to the emergency. The plaintiff, while under a duty to exercise ordinary care for his own safety, is not held to the standard of care of selecting the wisest course of conduct when faced with the sudden emergency, but only to act as a reasonably prudent man under similar circumstances. *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785 (1962); Annot., 80 A.L.R. 2d 5 (1961). The doctrine is not available to one who by his own negligence brought about or contributed to the emergency. *Johnson v. Simmons, supra.*

Probably a sudden emergency arises in most, if not all, motor vehicle collisions, but the doctrine of sudden emergency is applicable only when there arises from the evidence in the case an issue of negligence by an operator after being confronted by the

emergency. In *Rodgers v. Carter*, 266 N.C. 564, 568, 146 S.E. 2d 806, 810 (1966), Justice Lake commented:

> "The doctrine of sudden emergency is simply that one confronted, with an emergency is not liable for an injury resulting from his acting as a reasonable man might act in such an emergency. If he does so, he is not liable for failure to follow a course which calm, detached reflection at a later date would recognize to have been a wiser choice. . . ."

In the case *sub judice*, the defendant does not allege and offer evidence tending to show that the plaintiff after being confronted by the emergency was negligent in the operation of his motorcycle. Defendant does not allege and contend that plaintiff was confronted with the emergency and was thereafter negligent in that he applied his brakes and continued to drive in the westbound lane rather than avoiding the collision by driving to the left in the eastbound lane. The evidence tends to show that plaintiff, if negligent, was negligent in creating the emergency in that he failed to keep a reasonable lookout, to maintain proper control, or drove at an excessive speed. In *Brunson v. Gainey*, 245 N.C. 152, 156, 158, 95 S.E. 2d 514, 517, 519 (1956), the Court said:

> "One cannot, by his negligent conduct, permit an emergency to arise and then excuse himself on the ground that he was called upon to act in an emergency. . . .
>
> \*      \*      \*      \*
>
> If the peril suddenly confronting the defendant was due to excessive speed or to his failure to maintain a proper lookout, the fact that care was exercised after the discovery of the peril would not excuse the negligent conduct which was the proximate cause of the injury and damage. The court should so have instructed the jury."

We find no error in the failure of the trial court to charge on the doctrine of sudden emergency.

[3] We find plaintiff's argument that the court erred in failing to summarize the investigating officer's testimony without merit. The omission of Officer Frye's testimony concerning defendant's admission that he did not see plaintiff was not prejudicial to plaintiff since the jury found defendant negligent. Plaintiff benefited

by the court's omission of Frye's testimony that plaintiff told him he saw no turn signal since this contradicted plaintiff's testimony at trial.

In summarizing the evidence for the jury, the trial judge did not name and summarize the testimony of each witness. G.S. 1A-1, Rule 51(a) provides, in part, as follows: "The judge shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided, the judge shall give equal stress to the contentions of the various parties." We find no prejudice to plaintiff in the court's failure to recapitulate the officer's testimony, and overrule this assignment of error.

We have examined and considered all plaintiff's assignments of error and arguments and find that plaintiff had a fair trial free from prejudicial error.

No error.

Judges WHICHARD and BECTON concur.