IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-1221

 Filed: 5 June 2018

Wilkes County, No. 14 CRS 50858

STATE OF NORTH CAROLINA

 v.

JEFFREY ROBERT PARISI

 Appeal by the State from orders entered 13 January 2016 by Judge Michael D.

Duncan in Wilkes County Superior Court and 11 March 2016 by Judge Robert J.

Crumpton in Wilkes County District Court. Heard in the Court of Appeals 1 May

2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General John W.
 Congleton, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Michele A.
 Goldman, for defendant-appellee.

 CALABRIA, Judge.

 Where the State presented sufficient evidence that a law enforcement officer

had probable cause to stop defendant, the trial court erred in granting defendant’s

motion to suppress the stop. We reverse and remand.

 I. Factual and Procedural Background

 On 1 April 2014, Jeffrey Parisi (“defendant”) was cited for driving while

impaired by Officer Gregory Anderson (“Officer Anderson”) of the Wilkesboro Police
 STATE V. PARISI

 Opinion of the Court

Department. At a 17 June 2015 hearing in Wilkes County District Court, defendant

made an oral pretrial motion to suppress the stop that resulted in the citation,

alleging a lack of probable cause, and a motion to dismiss. The district court granted

defendant’s motions, and the State provided oral and written notice of appeal. The

court subsequently entered its written “Preliminary Order of Dismissal” (“the

Preliminary Order”), which, despite its caption, only granted defendant’s motion to

suppress. Again, the State provided written notice of appeal.

 The appeal was heard in Wilkes County Superior Court on 13 November 2015.

Following the hearing, the court entered an order on 11 January 2016 affirming the

decision of the district court to grant defendant’s motions (“the Superior Court

Order”). The matter was remanded, and on 11 March 2016, the district court entered

a “Final Order Granting Motion to Suppress and Motion to Dismiss” (“the Final

Order”), granting defendant’s motions. The State once more appealed to superior

court. On 6 April 2016, the superior court affirmed the Final Order.

 The State appealed the matter to this Court. On 7 February 2017, this Court

entered its opinion, dismissing in part, vacating in part, and remanding the matter.

State v. Parisi, ___ N.C. App. ___, ___ S.E.2d ___, COA16-635 (2017). In this decision,

we held that “the superior court erred in its review of the district court’s preliminary

determination to suppress, when it remanded the case to the district court with

instructions to dismiss the case.” We further held, however, that the State had no

 -2-
 STATE V. PARISI

 Opinion of the Court

right to appeal the district court’s final order granting defendant’s motion to

suppress, which remained undisturbed. We noted that the suppression of the stop

did not mandate the dismissal of the case, vacated the orders of dismissal, and

remanded for further proceedings.

 On 28 July 2017, the State filed a petition for writ of certiorari, seeking this

Court’s review of the Superior Court Order and the Final Order. We granted this

petition on 16 August 2017.

 II. Motion to Suppress

 In its sole argument on appeal, the State contends that the trial court erred in

concluding that Officer Anderson lacked probable cause to stop defendant, and in

granting defendant’s motion to suppress. We agree.

 A. Standard of Review

 Our review of a trial court’s denial of a motion to suppress is “strictly limited

to determining whether the trial judge’s underlying findings of fact are supported by

competent evidence, in which event they are conclusively binding on appeal, and

whether those factual findings in turn support the judge’s ultimate conclusions of

law.” State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). “The trial court’s

conclusions of law . . . are fully reviewable on appeal.” State v. Hughes, 353 N.C. 200,

208, 539 S.E.2d 625, 631 (2000).

 B. Analysis

 -3-
 STATE V. PARISI

 Opinion of the Court

 At trial, Officer Anderson testified that, on 1 April 2014, he was operating a

check point on a public street. Defendant was driving the vehicle and, as it

approached, Officer Anderson “kind of heard a disturbance between the occupants of

the vehicle.” He said that he could not hear what they were saying, but it sounded

like they were arguing. After the vehicle stopped at the check point, Officer Anderson

approached the driver’s door and saw “an open box of alcoholic beverage[]” on the

passenger floorboard. He did not see any open individual containers. Officer

Anderson testified that defendant had “glassy, watery eyes[,]” and emitted “an odor

of alcohol[.]” When asked whether he had consumed alcohol, defendant told Officer

Anderson that he had consumed three beers earlier in the evening.

 Officer Anderson administered the horizontal gaze nystagmus test (“HGN”), a

test of impairment, and found that defendant demonstrated six “clues” indicating

impairment. Officer Anderson also administered a “walk and turn” test, and

defendant missed multiple steps, also an indicator of impairment. Lastly, Officer

Anderson administered a “one leg stand” test, and defendant used his arms and

swayed, also indicators of impairment. As a result, Officer Anderson concluded that

defendant was impaired.

 In the Preliminary Order, the district court found that defendant arrived at

the check point, that Officer Anderson noticed defendant’s glassy eyes and an open

container of alcohol, and that Officer Anderson administered multiple field sobriety

 -4-
 STATE V. PARISI

 Opinion of the Court

tests. However, the court went on to find that Officer Anderson “did not observe any

other indicators of impairment during his encounter with Defendant, including any

evidence from Defendant’s speech[,]” and concluded that “[t]he fact[s] and

circumstances known to Anderson as a result of his observations and testing of

Defendant are insufficient, under the totality of the circumstances, to form an opinion

in the mind of a reasonable and prudent man/officer that there was probable cause to

believe Defendant had committed the offense of driving while impaired.” Likewise,

the Superior Court Order noted Anderson’s observations, but concluded that they

were insufficient. The Final Order incorporated the findings and conclusions of the

Superior Court Order by reference.

 The State offers ample case law to suggest that the findings of the lower courts

did not support an ultimate conclusion that Officer Anderson lacked probable cause.

Particularly relevant is the case of State v. Townsend, 236 N.C. App. 456, 762 S.E.2d

898 (2014). In Townsend, the officer stopped the defendant at a check point, and

immediately noticed the defendant’s bloodshot eyes and odor of alcohol. Two alco-

sensor tests yielded positive results, and the defendant exhibited clues indicating

impairment on three field sobriety tests. We held that this was sufficient to establish

probable cause. Id. at 465, 762 S.E.2d at 905. In the instant case, as in Townsend,

Officer Anderson noticed defendant’s glassy eyes and odor of alcohol, and defendant

exhibited clues indicating impairment on three field sobriety tests. And while no

 -5-
 STATE V. PARISI

 Opinion of the Court

alco-sensor test was administered in the instant case, defendant himself volunteered

the statement that he had been drinking earlier in the evening.

 Our Supreme Court has held that while the odor of alcohol, standing alone, is

not evidence of impairment, the “[f]act that a motorist has been drinking, when

considered in connection with . . . other conduct indicating an impairment of physical

or mental faculties, is sufficient prima facie to show a violation of G.S. 20-138.” Atkins

v. Moye, 277 N.C. 179, 185, 176 S.E.2d 789, 794 (1970) (quoting State v. Hewitt, 263

N.C. 759, 764, 140 S.E.2d 241, 244 (1965)). Once again, in the instant cast, Officer

Anderson was presented with the odor of alcohol, defendant’s own admission of

drinking, and multiple indicators on field sobriety tests demonstrating impairment.

 The superior court, in the Superior Court Order, cited the unpublished case of

State v. Sewell, 239 N.C. App. 132, 768 S.E.2d 650 (2015) (unpublished), as part of its

reasoning in finding a lack of probable cause. We note first that, as an unpublished

decision, Sewell is not binding upon the courts of this State. Additionally, while many

such cases are extremely fact-specific, it is crucial to note that Sewell is easily

distinguished from the instant case. The officer in Sewell did not identify the

defendant as the source of the odor of alcohol. The defendant in Sewell exhibited no

clues of impairment during the “one leg stand” and “walk and turn” tests. In the

instant case, by contrast, Officer Anderson clearly identified defendant as the source

 -6-
 STATE V. PARISI

 Opinion of the Court

of the odor of alcohol, and defendant exhibited clues of impairment during all three

field sobriety tests. Further, in each of their orders, the lower courts found as much.

 Upon our review, it seems clear that the facts, as supported by the evidence

and as found by the district and superior courts, supported a conclusion that Officer

Anderson had probable cause to stop and cite defendant for driving while impaired.

Accordingly, we hold that the trial court erred in granting defendant’s motion to

suppress the stop. We reverse the lower courts’ orders and remand for further

proceedings.

 REVERSED AND REMANDED.

 Judge BRYANT concurs.

 Judge HUNTER dissents in a separate opinion.

 -7-
 No. COA17-1221 - State v. Parisi

 HUNTER, JR., Robert N., Judge, Dissenting.

 I respectfully dissent from the majority reversing the trial courts’ grants of

Defendant’s motion to suppress. Instead, I would affirm the trial courts’ orders.

 “The standard of review in evaluating a trial court’s ruling on ‘a motion to

suppress is whether competent evidence supports the trial court’s findings of fact and

whether the findings of fact support the conclusions of law.’ ” State v. Hammonds,

370 N.C. 158, ___, 804 S.E.2d 438, 441 (2017) (quoting State v. Jackson, 368 N.C. 75,

78, 772 S.E.2d 847, 849 (2015)). “If no exceptions are taken to findings of fact, such

findings are presumed to be supported by competent evidence and are binding on

appeal.” State v. Baker, 312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984) (internal

quotation marks and citation omitted). “Where the findings of fact support the

conclusions of law, such findings and conclusions are binding upon us on appeal.”

State v. Wynne, 329 N.C. 507, 522, 406 S.E.2d 812, 820 (1991) (citation omitted).

“[T]he trial court’s ruling on a motion to suppress is afforded great deference upon

appellate review as it has the duty to hear testimony and weigh the evidence.” State

v. McClendon, 130 N.C. App. 368, 377, 502 S.E.2d 902, 908 (1998) (citation omitted).

 Both Defendant and the State cite to numerous cases addressing probable

cause to arrest for driving while impaired. The State, and the majority, primarily

rely on State v. Townsend, 236 N.C. App. 456, 762 S.E.2d 898 (2014). While the
 STATE V. PARISI

 HUNTER, JR., Robert N., J., dissenting

findings of fact sub judice are analogous to some of the findings of fact in Townsend,

differences between the orders are critical.

 In Townsend, an officer stopped defendant at a checkpoint. Id. at 458, 762

S.E.2d at 901. The officer noticed defendant’s “bloodshot eyes” and smelled a

“moderate odor of alcohol about his breath.” Id. at 458, 465, 762 S.E.2d at 901, 905.

Defendant told the officer he drank “a couple of beers earlier” and stopped drinking

an hour before the stop. Id. at 465, 762 S.E.2d at 905. The officer administered two

alco-sensor tests, both which tested position for alcohol. Id. at 458, 465, 762 S.E.2d

at 901, 905. Additionally, defendant “exhibited clues” of impairment during three

different field sobriety tests. Id. at 458, 465, 762 S.E.2d at 901, 905.

 The trial court denied defendant’s motion to suppress for lack of probable

cause, and defendant appealed. Id. at 459, 762 S.E.2d at 901-02. Our Court cited the

facts stated supra and the trial court’s acknowledgement of the officer’s twenty-two

years’ of experience. Id. at 465, 762 S.E.2d at 905. Accordingly, our Court concluded

the officer had probable cause to arrest defendant. Id. at 465, 762 S.E.2d at 905.

 Here, unlike in Townsend, the trial courts entered several findings weighing

against a conclusion of probable cause.1 First, Officer Anderson did not administer

an alco-sensor test. Regarding Defendant’s admission of drinking the night of the

 1 The State does not challenge any of the findings of fact. Thus, the findings are binding on
appeal. Baker, 312 N.C. at 37, 320 S.E.2d at 673 (citation omitted). In his appellee brief, Defendant
challenges two findings of fact. However, Defendant did not cross-appeal.
 -2-
 STATE V. PARISI

 HUNTER, JR., Robert N., J., dissenting

checkpoint, the order contains no findings of exactly when Defendant drank in the

night. Cf. id. at 465, 762 S.E.2d at 905 (the trial court found defendant admitted to

drinking “a couple of beers” and stopped drinking an hour before officers stopped

him). Moreover, the trial courts found no facts about Officer Anderson’s experience,

distinguishing this case from Townsend. See id. at 465, 762 S.E.2d at 905. Of

significant importance, while Officer Anderson testified as to the number of “clues”

indicating impairment during the horizontal gaze nystagmus test, the trial courts

entered no findings on the number of clues. Indeed, the finding regarding the

horizontal gaze nystagmus test states Officer Anderson “found clues of

impairment[,]” without stating the number. In addition to the findings of fact

included in the majority, the trial courts found Defendant did not slur his speech, did

not drive unlawfully or “bad[ly,]” answered Officer Anderson’s questions, and was not

“unsteady” on his feet.

 The uncontested findings of fact support the trial courts’ conclusions Officer

Anderson lacked probable cause to arrest Defendant. Additionally, Townsend, as

distinguished from the case sub judice, does not mandate reversal. Affording the trial

courts “great deference” on the ruling on a motion to suppress, I would affirm the trial

courts’ orders. McClendon, 130 N.C. App. at 377, 502 S.E.2d at 908. Accordingly, I

respectfully dissent.

 -3-