STATE OF NORTH CAROLINA v. GEORGE ERVIN ALLEN, JR., DEFENDANT

No. COA03-406

(Filed 1 June 2004)

**1. Motor Vehicles— driving while impaired—sufficiency of evidence**

There was sufficient evidence of driving while impaired based on a Trooper's observations and defendant's refusal of the intoxilyzer test, which is admissible as substantive evidence of guilt.

**2. Sentencing— habitual felon—guilty plea—knowing and voluntary**

A guilty plea to being an habitual felon was knowing and voluntary. The trial court sufficiently established a record of the plea, the judge's query was sufficient to clarify for the defendant the consequences of the plea, and the transcript indicates that defendant understood.

STATE v. ALLEN

[164 N.C. App. 665 (2004)]

**3. Indictment and Information— habitual driving while impaired—witness name not marked**

A driving while impaired indictment was not invalid where the box beside the witness's name on the indictment was not checked. N.C.G.S. § 15A-623(c).

**4. Motor Vehicles— habitual driving while impaired—predicate convictions**

There were three predicate convictions supporting defendant's habitual DWI conviction. Despite defendant's contention that the first conviction was not reduced to writing and signed, the uniform citation form was signed by the presiding judge. Moreover, defendant had two other convictions, even though they were consolidated for judgment. The determinations of what qualifies as a predicate conviction are done differently under the Habitual Impaired Driving statute and the Habitual Felon Act.

Appeal by defendant from judgment entered 9 May 2002 by Judge Henry E. Frye, Jr., in Rockingham County Superior Court. Heard in the Court of Appeals 15 March 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Patricia A. Duffy, for the State.*

*James P. Hill, Jr., for defendant-appellant.*

THORNBURG, Judge.

Defendant was cited for driving while impaired ("DWI"), driving while license revoked, operating a vehicle while displaying a fictitious license tag, failure to register a vehicle and operating a vehicle without requisite financial responsibility, all arising out of an incident on 24 February 2001. Defendant was also later indicted on one count of habitual DWI and as being an habitual felon. The State dismissed the registration and financial responsibility charges at trial. Defendant was found guilty of driving while impaired and driving while license revoked. Defendant stipulated to the three previous DWI convictions included in the bill of indictment on the habitual DWI charge. Defendant admitted his habitual felon status. Defendant appeals.

STATE v. ALLEN

[164 N.C. App. 665 (2004)]

## I. Facts

On 24 February 2001, Trooper Darren C. Yoder of the North Carolina Highway Patrol was dispatched to Mitzpah Church Road in the Reidsville area of Rockingham County to locate an impaired driver. Trooper Yoder was informed that the suspect was driving an older model white Toyota pickup truck. After reaching Mitzpah Church Road, Trooper Yoder witnessed the truck cross the centerline of the road. Trooper Yoder activated his patrol car's blue warning lights and siren in order to stop the truck. The truck pulled off the road and into a private driveway. Defendant was the driver of the truck.

Trooper Yoder approached the truck to speak with defendant. Trooper Yoder noticed a very strong odor of alcohol emanating from the truck while he spoke with defendant. Trooper Yoder asked defendant to get out of the truck and walk to the patrol car for further questioning. Trooper Yoder noticed that defendant was unsteady on his feet, had difficulty stepping out of the truck and had to hold onto the side of the truck in order to walk. While defendant was cooperative, Trooper Yoder noted that defendant seemed sleepy, his speech was slurred and he was difficult to understand. Trooper Yoder did not ask defendant to perform any psychophysical tests to estimate his level of impairment because Trooper Yoder believed that defendant was incapable of performing the tests without risk of physical harm from a potential fall.

During the interview with defendant, Trooper Yoder formed the opinion that defendant was impaired and placed him under arrest for impaired driving. Defendant was transported to the Rockingham County sheriff's office in Wentworth for the purpose of administering an intoxilyzer test. After being informed of his legal rights in regard to the test, defendant refused to take the test.

Defendant was found guilty at trial of DWI and driving while license revoked. Judgment was entered on the habitual DWI charge and driving while license revoked charge. Defendant was sentenced as an habitual felon due to his admission to having attained that status. Defendant appeals and argues: (1) that the trial court erred in denying defendant's motion to dismiss the charge of DWI for insufficiency of the evidence; (2) that defendant failed to execute a valid plea pursuant to the habitual felon indictment; (3) that the indictment charging defendant with habitual DWI is invalid and (4) that imposing habitual felon punishment violated defendant's

federal and state constitutional rights. These arguments are unpersuasive. We find no error.

## II. Insufficiency of the Evidence

**[1]** Defendant argues that the State failed to present substantial evidence of his impairment. Defendant asserts that while the State presented some evidence of his impairment, this evidence was counterbalanced by the testimony of Trooper Yoder that defendant was able to drive normally after Trooper Yoder activated his vehicle's blue warning lights and siren, that defendant then drove at a safe rate of speed and that defendant was cooperative throughout the traffic stop.

In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. *Id.*

The North Carolina Supreme Court affirmed in *State v. Rich*, 351 N.C. 386, 527 S.E.2d 299 (2000), that

> "an odor [of alcohol], *standing alone*, is no evidence that [a driver] is under the influence of an intoxicant." *Atkins v. Moye*, 277 N.C. 179, 185, 176 S.E.2d 789, 793 (1970). However, in that same case, this Court also stated, "the '[f]act that a motorist has been drinking, when considered in connection with faulty driving . . . or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show a violation of [N.C.G.S. §] 20-138.' " *Id.* at 185, 176 S.E.2d at 794 (quoting *State v. Hewitt*, 263 N.C. 759, 764, 140 S.E.2d 241, 244 (1965)).

*Rich* at 398, 527 S.E.2d at 306. In the instant case, the State presented Trooper Yoder's testimony that it was his opinion that defendant was impaired. Trooper Yoder testified that he smelled a very strong odor of alcohol about defendant, that defendant was driving across the centerline, and that defendant was sleepy and had difficulty walking and speaking clearly. In addition to Trooper Yoder's observations of defendant on the night of defendant's arrest, it is significant that defendant refused to take the intoxilyzer test. A defendant's refusal of this test is admissible as substantive evidence of a defendant's guilt. *See* N.C. Gen. Stat. § 20-139.1(f) (2003); *State v. Pyatt*, 125 N.C. App. 147, 150-51, 479 S.E.2d 218, 220 (1997). The State presented sufficient

evidence of defendant's impairment to withstand defendant's motion to dismiss. Defendant's assignment of error fails.

### III. Habitual Felon Plea

**[2]** Defendant also argues that his plea of guilty to the habitual felon charge was not a knowing and voluntary plea. Defendant points to several instances during the trial when the trial judge indicated that he was in a hurry to leave court. Defendant also points to several exchanges between the trial judge and defendant to show that defendant did not knowingly and voluntarily plead guilty. Specifically, defendant cites to the following exchange:

> The Court: Do you understand that you are pleading guilty to the charge of habitual felon which can authorize up to 261 months in prison?
>
> The Defendant: Yes.
>
> The Court: Do you now personally plead guilty to that charge? I am going to ask you something in just a minute, but you have to say yes to that.
>
> The Defendant: Yes.
>
> The Court: Do you now consider it to be in your best interest to plead guilty? In other words, I am not asking are you, in fact, guilty. Do you now consider it in your best interest to plead guilty?
>
> The Defendant: Well, I don't consider it to be in my best interest.

Defendant cites this exchange as an indication that the trial judge was pressuring defendant to plead guilty to the habitual felon charge, that defendant was confused and ambivalent regarding his admission to habitual felon status and that his resulting plea cannot be considered knowing, voluntary or a product of informed choice. We disagree.

In order for a plea of guilty to be valid, it must be made knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274 (1969). "The requirement that the plea be knowing and voluntary is so important that the record must affirmatively show on its face that the guilty plea was knowing and voluntary." *In re Chavis and In re Curry and In re Outlaw*, 31 N.C. App. 579, 580-81, 230 S.E.2d 198, 200 (1976), *disc. rev. denied*, 291 N.C. 711, 232 S.E.2d 203 (1977). "[A] plea of guilty . . ., unaccompanied by evidence that the plea was entered voluntarily and understandingly, and a judgment entered

thereon, must be vacated . . . ." *State v. Ford*, 281 N.C. 62, 68, 187 S.E.2d 741, 745 (1972). This Court has also said:

> "[I]t is well established that a guilty plea is not considered voluntary and intelligent unless it is 'entered by one fully aware of the direct consequences. . . .'" Direct consequences have been broadly defined "as those having a 'definite, immediate and largely automatic effect on the range of the defendant's punishment.'" This definition, however, should not be applied in a technical, ritualistic manner.

*State v. Williams*, 133 N.C. App. 326, 331, 515 S.E.2d 80, 83 (1999) (internal citations omitted).

In the instant case, the trial judge emphasized in his exchange with defendant the knowing and voluntary quality of defendant's plea. Defendant acknowledged that he was aware of the charges against him, that he was waiving his right to trial by jury and that he understood the maximum term of imprisonment that could be imposed against him as an habitual felon. We also note that, following the recitations highlighted by defendant, the following exchange took place:

> The Court: Well then, do you want to say that you are, in fact, guilty as to the habitual felon?
>
> The Defendant: Yes.

Furthermore, defendant admitted that he was proceeding voluntarily and without the inducement of promises or threats other than the plea arrangement.

The trial judge sufficiently established a record of the plea. He continued his query of defendant to such an extent as to clarify for defendant the consequences of the plea. The transcript indicates that defendant understood the consequences of his plea. Defendant's assignment of error fails.

### IV. Habitual DWI Indictment

[3] Defendant next argues that the indictment charging him with habitual DWI was invalid. Defendant argues that: (1) the indictment fails to comply with N.C. Gen. Stat. § 15A-623(c) and (2) the indictment fails to allege the requisite number of valid predicate convictions to support a violation of N.C. Gen. Stat. § 20-138.5.

STATE v. ALLEN

[164 N.C. App. 665 (2004)]

Defendant asserts that, because the box beside the witness's name on the indictment was not checked, the indictment for habitual DWI fails to indicate that any witnesses were called, sworn or examined before the grand jury. Defendant argues that, accordingly, the State failed to secure a true bill of indictment. However, N.C. Gen. Stat. § 15A-623(c) provides:

The foreman must indicate on each bill of indictment or presentment the witness or witnesses sworn and examined before the grand jury. Failure to comply with this provision does not vitiate a bill of indictment or presentment.

N.C. Gen. Stat. § 15A-623(c) (2003). *See also State v. Mitchell*, 260 N.C. 235, 237-38, 132 S.E.2d 481, 482 (1963) (holding an indictment is not fatally defective where the names of the witnesses to the grand jury are not marked). Accordingly, defendant's argument fails.

[4] Defendant makes two arguments regarding the predicate convictions supporting the habitual DWI indictment. N.C. Gen. Stat. § 20-138.5(a) provides:

A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense.

N.C. Gen. Stat. § 20-138.5(a) (2003). Defendant argues that the indictment fails to allege three prior convictions, reasoning that one of the prior convictions is void and that the other two convictions should only count as one conviction since they were consolidated for judgment. We find neither of these arguments persuasive.

Defendant asserts that one of the prior convictions, 94 CR 35127, is void because the judgment was not reduced to writing and signed by the presiding judge. *See In re Pittman*, 151 N.C. App. 112, 114, 564 S.E.2d 899, 900 (2002). However, defendant misapprehends the meaning of "judgment" in the context of a district court criminal proceeding. The judgment in 94 CR 35127 was signed by the presiding judge on the uniform citation form which is included in the record on appeal. The document to which defendant refers as the judgment, is in fact the judgment and commitment and serves as evidence of the original judgment. This predicate conviction is valid. Defendant's argument fails.

Defendant also contends that three prior convictions were not alleged because two of the alleged convictions were consolidated for judgment. Defendant argues that N.C. Gen. Stat. § 20-138.5 is a recidivist statute that must be applied similarly to the Habitual Felon Act, N.C. Gen. Stat. § 14-7.1 *et seq.* (2003). N.C. Gen. Stat. § 14-7.1 prevents the use of multiple offenses consolidated for judgment as more than one predicate offense. Defendant asserts that it is reasonable to infer that the legislature intended similar structural limitations with respect to N.C. Gen. Stat. § 20-138.5. We disagree.

The Habitual Felon Act in N.C. Gen. Stat. § 14-7.1 contains explicit guidelines for what qualifies as a predicate felony. N.C. Gen. Stat. § 14-7.1 states in part:

> The commission of a second felony shall not fall within the purview of this Article unless it is committed after the conviction of or plea of guilty to the first felony. The commission of a third felony shall not fall within the purview of this Article unless it is committed after the conviction of or plea of guilty to the second felony.

N.C. Gen. Stat. § 14-7.1 (2003). By contrast, N.C. Gen. Stat. § 20-138.5(a) only states:

> A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of *three or more offenses* involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense.

(Emphasis added.) In reading our statutes, this Court has said:

> "The primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute." The first step in determining a statute's purpose is to examine the statute's plain language. "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning."

*State v. Hooper*, 358 N.C. 122, 125, 591 S.E.2d 514, 516 (2004) (internal citations omitted). Thus, the determination of what qualifies as a predicate conviction is carried out differently under the Habitual Impaired Driving statute and the Habitual Felon Act. Defendant was convicted of two separate offenses of impaired driving, occurring on 11 July 1998 and 10 February 1999, despite the convictions being consolidated for judgment in 99 CRS 1592.

Because we find that the conviction in 94 CR 35127 is valid and that the consolidated convictions in 99 CRS 1592 are two separate offenses under N.C. Gen. Stat. § 20-138.5, there were three predicate convictions alleged in the indictment for habitual DWI. Defendant's assignment of error fails.

## V. Habitual Felon Indictment

In his last argument on appeal, defendant argues that imposing judgment based on his conviction of habitual felon status is violative of his federal and state constitutional right to due process. Defendant again asserts that the indictment failed to indicate that any witnesses were called before the grand jury and he reiterates by reference his arguments with regard to his guilty plea to habitual felon status and the habitual DWI indictment. Given our decision and discussion of these matters above, defendant's assignment of error fails.

Defendant failed to set out his remaining assignments of error in his brief. Because he has neither cited any authority nor stated any argument in support of those assignments of error, they are deemed abandoned. N.C. R. App. P. 28(b)(6).

Affirmed.

Judges TIMMONS-GOODSON and LEVINSON concur.