MURPHY, Judge.
 

 *298
 
 The Habitual Impaired Driving Act requires the State to allege three prior convictions of impaired driving. Unlike other statutes, the Act does not require the three prior convictions to be from different court dates. We hold, in accordance with our case law and the differences between this Act and other habitual statutes, the State is not required to allege three prior convictions of impaired driving from different court dates.
 

 Glenn Warren Mayo, Jr. ("Defendant") appeals from judgments convicting him of habitual impaired driving and revoking his probation. On appeal, Defendant argues: (1) the indictment for habitual impaired
 
 *299
 
 driving is facially invalid because two of the underlying impairment convictions are from the same court date; and (2) the trial court relied on an invalid conviction in revoking Defendant's probation. After careful review, we reject Defendant's arguments and conclude he received a fair trial, free from error.
 

 I. Background
 

 On 1 November 2015, Sergeant T.L. Avery of the Selma Police Department arrested Defendant for impaired driving and driving while license revoked. On 2 November 2015, Defendant's probation officer filed a probation violation report. In the report, the officer alleged Defendant violated probation by driving while not being properly licensed and being under the influence of alcohol on 1 November 2015.
 

 On 7 December 2015, Defendant was indicted for habitual impaired driving. In support of the habitual impaired driving charge, the State alleged Defendant had
 
 *656
 
 been convicted of the following charges: First, 15CRS000837, driving while impaired on 26 November 2012. Defendant was convicted of this charge on 30 September 2015 in Johnston County Superior Court. Second, 12CR213930, driving while impaired on 22 June 2012. Defendant was convicted of this charge on 20 December 2012 in Wake County District Court. Third, 12CR213589, driving while impaired on 18 June 2012. Defendant was convicted of this charge on 20 December 2012 in Wake County District Court. Defendant also stipulated to his three prior convictions for driving while impaired. On 1 February 2016, Defendant was indicted for being a habitual felon. On 26 February 2016, Defendant's probation officer filed another probation violation report. In the report, the officer alleged Defendant violated probation because he "has not been hooked up" to an alcohol consumption monitoring system. (all caps in original).
 

 On 24 and 25 October 2016, Defendant's case came to trial. On 25 October 2016, the jury found Defendant guilty of driving while impaired. The trial court adjudicated Defendant as a habitual impaired driver, in accordance with N.C.G.S. § 20-138.5 (2015). Defendant pled guilty to being a habitual felon. The trial court also revoked Defendant's probation in 15CRS837, a prior driving while impaired conviction, based on two violation reports and Defendant being "found guilty of habitual impaired driving on 10/25/2016-15CRS56170." (all caps in original). On 27 October 2016, Defendant's probation officer completed another probation violation report, alleging Defendant violated probation by committing a criminal offense. Defendant filed timely notice of appeal.
 

 *300
 

 II. Standard of Review
 

 "This Court reviews challenges to the sufficiency of an indictment using a
 
 de novo
 
 standard of review. Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 State v. Pendergraft
 
 ,
 
 238 N.C. App. 516
 
 , 521,
 
 767 S.E.2d 674
 
 , 679 (2014) (internal citations and quotation marks omitted).
 

 We review a trial court's revocation of probation for abuse of discretion.
 
 State v. Tennant
 
 ,
 
 141 N.C. App. 524
 
 , 526,
 
 540 S.E.2d 807
 
 , 808 (2000) (quoting
 
 State v. Guffey
 
 ,
 
 253 N.C. 43
 
 , 45,
 
 116 S.E.2d 148
 
 , 150 (1960) ) (" 'The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.' "). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Hennis
 
 ,
 
 323 N.C. 279
 
 , 285,
 
 372 S.E.2d 523
 
 , 527 (1988) (citation omitted).
 

 III. Analysis
 

 Defendant presents two arguments: (1) the habitual impaired driving indictment is invalid because two of the underlying convictions were obtained on the same court date; and (2) the trial court erred in revoking his probation because it relied on Defendant's habitual impaired driving conviction. We address these arguments in turn.
 

 A. Habitual Impaired Driving Indictment
 

 Defendant first argues the trial court lacked jurisdiction over the habitual impaired driving charge because two of the underlying convictions are from the same court date. Defendant contends N.C.G.S. § 20-138.5, the statute governing habitual impaired driving, is ambiguous because "[i]t does not explain how to determine whether a defendant has been convicted of three or more offenses involving impaired driving, and does not directly address whether multiple convictions from the same date may be considered when making that determination." Defendant analogizes this statute to N.C.G.S. § 14-7.1 (2015) (Persons defined as habitual felons) and N.C.G.S. § 15A-1340.14(d) (2015) (Prior record level for felony sentencing). Defendant argues the
 
 in pari materia
 
 statutory construction canon requires our Court to read into the statute a rule regarding convictions obtained in one court week because the other "similar" statutes have a specific rule for the timing of multiple convictions. We disagree.
 

 "If the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be
 
 *657
 
 implemented
 
 *301
 
 according to the plain meaning of its terms."
 
 State v. Watterson
 
 ,
 
 198 N.C. App. 500
 
 , 505,
 
 679 S.E.2d 897
 
 , 900 (2009) (brackets, quotation marks, and citation omitted). "Thus, in effectuating legislative intent, it is the duty of the courts to give effect to the words actually used in a statute and not to delete words used or to insert words not used."
 
 Id.
 
 at 505,
 
 679 S.E.2d at
 
 900 (citing
 
 N.C. Dep't of Corr. v. N.C. Med. Bd.
 
 ,
 
 363 N.C. 189
 
 , 201,
 
 675 S.E.2d 641
 
 , 649 (2009) ).
 

 If a statute is ambiguous, our Court must determine the legislature's intent.
 
 In re Hall
 
 ,
 
 238 N.C. App. 322
 
 , 324,
 
 768 S.E.2d 39
 
 , 42 (2014). In discerning the intent of the legislature " 'statutes
 
 in pari materia
 
 should be construed together and harmonized whenever possible.
 
 In pari materia
 
 is defined as upon the same matter or subject.' "
 
 Id.
 
 at 324-325,
 
 768 S.E.2d at 42
 
 (quoting
 
 In re Borden
 
 ,
 
 216 N.C. App. 579
 
 , 581,
 
 718 S.E.2d 683
 
 , 685 (2011) ). "Portions of the same statute dealing with the same subject matter are 'to be considered and interpreted as a whole, and in such case it is the accepted principle of statutory construction that every part of the law shall be given effect if this can be done by any fair and reasonable intendment....' "
 
 Huntington Props., LLC v. Currituck Cty.
 
 ,
 
 153 N.C. App. 218
 
 , 224,
 
 569 S.E.2d 695
 
 , 700 (2002) (quoting
 
 In re Hickerson
 
 ,
 
 235 N.C. 716
 
 , 721,
 
 71 S.E.2d 129
 
 , 132 (1952) ).
 

 N.C.G.S. § 20-138.5 governs habitual impaired driving and states:
 

 (a) A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 10-4.01(24a) within 10 years of the date of this offense.
 

 Id.
 

 In
 
 State v. Allen
 
 ,
 
 164 N.C. App. 665
 
 ,
 
 596 S.E.2d 261
 
 (2004), our Court addressed the consideration of prior convictions for habitual impaired driving. In
 
 Allen
 
 , defendant argued the habitual impaired driving statute must be applied similarly to habitual felon statutes.
 
 Id.
 
 at 672,
 
 596 S.E.2d at 265
 
 . The Habitual Felon Act "prevents the use of multiple offenses consolidated for judgment as more than one predicate offense."
 
 Id.
 
 at 672,
 
 596 S.E.2d at 265
 
 . Defendant alleged "it is reasonable to infer that the legislature intended similar structural limitations" in the habitual impaired driving statutes.
 
 Id.
 
 at 672,
 
 596 S.E.2d at 265
 
 . We explicitly held "the determination of what qualifies as a predicate conviction is carried out differently under the Habitual Impaired Driving statute and the Habitual Felon Act."
 
 Id.
 
 at 672,
 
 596 S.E.2d at 265
 
 .
 

 *302
 
 While not binding precedent, we are persuaded by Judge, now Justice, Ervin's unpublished opinion in
 
 State v. Stanley
 
 , No. COA10-554,
 
 209 N.C.App. 756
 
 ,
 
 2011 WL 705131
 
 (unpublished) (N.C. Ct. App. Mar. 1, 2011), where this Court addressed this issue. In
 
 Stanley
 
 , defendant argued the indictment charging him with habitual impaired driving was fatally defective because two of the three prior convictions had been obtained during a single day of court.
 
 Id.
 
 at *1-2. This Court first determined defendant had no right to appeal.
 
 Id.
 
 at *3. Then, the Court turned to whether defendant's petition for a writ of
 
 certiorari
 
 should be granted.
 
 Id.
 
 at *3. Relying on
 
 Allen
 
 , this Court dismissed defendant's petition for a writ of
 
 certiorari
 
 , concluding defendant's argument and appeal had no merit.
 
 Id.
 
 at *3.
 

 N.C.G.S. § 20-138.5 contains no requirement regarding the timing of the three prior impaired driving convictions, except that they occurred within the ten years prior to the current driving while impaired charge. We decline "to insert words not used."
 
 Watterson
 
 ,
 
 198 N.C. App. at 505
 
 ,
 
 679 S.E.2d at 900
 
 (citation omitted). While the
 
 in pari materia
 
 canon requires this Court to harmonize statutes dealing with the same subject, our Court has already ruled that "the determination of what qualifies as a predicate conviction is carried out differently under the Habitual Impaired Driving statute and the Habitual Felon Act."
 
 Allen
 
 ,
 
 164 N.C. App. at 672
 
 ,
 
 596 S.E.2d at 265
 
 . We hold Defendant has failed to show error in his habitual impaired driving indictment.
 

 B. Probation Revocation
 

 Defendant next argues the trial court abused its discretion in revoking Defendant's
 
 *658
 
 probation. Defendant contends the trial court relied on an invalid conviction-the habitual impaired driving conviction-because the indictment for the charge is invalid. We disagree. As stated
 
 supra
 
 , the habitual impaired driving indictment is valid. Accordingly, the trial court did not abuse its discretion in revoking his probation in 15CRS837, and this argument is without merit. Accordingly, we hold the trial court did not err in revoking Defendant's probation.
 

 IV. Conclusion
 

 For the reasons stated above, we hold Defendant received a fair trial, free from error.
 

 NO ERROR.
 

 Judges BRYANT and ARROWOOD concur.