IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-40

No. COA20-82

Filed 2 March 2021

Surry County, No. 19JB35

IN THE MATTER OF: J.S.G.

Appeal by defendant from orders entered 14 August 2019 by Judge Marion M. Boone and 6 September 2019 by Judge Thomas B. Langan in District Court, Surry County. Heard in the Court of Appeals 25 August 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Sarah G. Zambon, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Katz, for defendant-appellant.*

STROUD, Chief Judge.

¶ 1 Juvenile appeals adjudication and disposition orders adjudicating him delinquent and ordering him to 12 months of probation. Where the juvenile petition alleged that the juvenile had delivered a "pill believed/told to be Adderall," the petition failed to identify the pill as a controlled substance under North Carolina General Statute § 90-95(a)(1). The juvenile petition was therefore insufficient to confer jurisdiction to the district court, and we vacate the orders.

**I.    Background**

The State's evidence tended to show that on 8 February 2019, Doug,[1] a middle school student, was acting "different than normal" at school: "He was very jittery, legs shaking, very talkative, out of his seat." Doug's teacher called the school resource officer ("SRO") who questioned him about whether he had taken anything. Doug stated that another middle school student, Kevin, had given him Adderall, and he "had beg[u]n to be nervous about what he had done to his body." Doug went home.[2]

Kevin was called into the principal's office. The principal asked Kevin if he had given Doug anything. Kevin said he gave him ibuprofen because Doug had been "bugging him" about giving him some Adderall – Kevin has a prescription for Adderall to address his diagnosis of ADHD – so he "handed him a ibuprofen, and said here, here's you an Adderall." Kevin described the pill as an orange ibuprofen.

On 10 April 2019, a juvenile petition was filed alleging Kevin was delinquent and charging him with possession of a controlled substance with intent to deliver under North Carolina General Statute § 90-95(a)(1). The petition stated that Kevin had delivered "1 pill[,]" namely "1 orange pill believed/told to be Adderall[.]" During Kevin's hearing his attorney made a motion to dismiss, one of the basis was that "the petition is defective, and therefore this matter needs to be dismissed." Kevin's motion

---

[1] Pseudonyms are used.

[2] No medical evidence was offered indicating whether Doug's "different" behavior was due to taking Adderall, his own nervousness about what he may have taken, or some other cause.

to dismiss was denied.

On 14 August 2019, Kevin was adjudicated delinquent for possession with intent to manufacture, sale, or deliver a controlled substance under North Carolina General Statute § 90-95(a)(1). On 6 September 2019, a juvenile level 1 disposition order was entered, and Kevin was placed on 12 months of probation, ordered to attend multiple treatment programs, and to perform community service. Kevin appeals.

## II. Juvenile Petition

Kevin contends that "the trial court lacked subject matter jurisdiction where the petition failed to adequately allege a crime when it described delivery of '1 orange pill believed/told to be Adderall.'" (Original in all caps.) "In a juvenile delinquency action, the juvenile petition serves essentially the same function as an indictment in a felony prosecution and is subject to the same requirement that it aver every element of a criminal offense, with sufficient specificity that the accused is clearly apprised of the conduct for which he is being charged." *In re S.R.S.*, 180 N.C. App. 151, 153, 636 S.E.2d 277, 280 (2006). "This Court reviews challenges to the sufficiency of an indictment using a *de novo* standard of review. Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Mayo*, 256 N.C. App. 298, 300, 807 S.E.2d 654, 656 (2017) (citation and quotation marks omitted).

When reviewing a juvenile delinquency petition,

it is well established that fatal defects in an indictment or a juvenile petition are jurisdictional, and thus may be raised at any time. Therefore, we review the juvenile's argument on this issue to determine if the juvenile petition was in fact fatally defective.

. . . When a petition is fatally deficient, it is inoperative and fails to evoke the jurisdiction of the court. Because juvenile petitions are generally held to the standards of a criminal indictment, we consider the requirements of the indictments of the offenses at issue.

Although an indictment must give a defendant notice of every element of the crime charged, the indictment need not track the precise language of the statute. An indictment which avers facts which constitute every element of an offense does not have to be couched in the language of the statute. An indictment need not even state every element of a charge so long as it states facts supporting every element of the crime charged. North Carolina General Statutes, section 15A–924(a)(5) (2005) requires that a criminal pleading set forth a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

*S.R.S.*, 180 N.C. App. at 153, 636 S.E.2d at 279–-80 (citation and quotation marks omitted).

¶ 8    Kevin's juvenile delinquency petition alleged the offense as possession of a controlled substance with intent to manufacture, sell, or deliver under North Carolina § 90-95(a)(1): "The offense of possession with intent to sell or deliver has the following three elements:  (1) possession of a substance; (2*) the substance must be*

*a controlled substance*; (3) there must be intent to sell or distribute the controlled substance." *State v. Carr*, 145 N.C. App. 335, 341, 549 S.E.2d 897, 901 (2001); *see* N.C. Gen. Stat. § 90-95(a)(1) (2019) (emphasis added).[3]

¶ 9        We find Kevin's argument well-reasoned, and thus repeat it here:

> From the day this incident occurred, [the SRO] and the State have not known whether the pill given to [Doug] was Adderall or merely ibuprofen. This lack of knowledge is illustrated by the way it chose to word the petition: equivocally. According to the petition, the pill may have been Adderall, or it may have been ibuprofen as [Kevin] told [the SRO] and [principal]. Although this allegation is accurate – [the SRO] could only say what [Doug] was told or believed – the petition fails to charge a crime because it both (1) does not allege the controlled substance element and (2) appears to charge two separate crimes.[4] Juveniles, like adults have "the right to be charged by a lucid prosecutive statement which factually particularizes the essential elements of the specified offense." *State v. Sturdivant*, 304 N.C. 293, 309, 283 S.E.2d 719, 730 (1981). That did not happen here. Accordingly, [Kevin's] adjudication and disposition orders must be vacated.

¶ 10       The State counters by noting that neither the exact language of the charging statute nor any other magic words are required in a juvenile petition and that "whether the pill was Adderall is an evidentiary issue for the trial court to decide[.]"

---

[3] North Carolina General Statute § 90-95 has since been amended; the amendment is not relevant to this case. *See* N.C. Gen. Stat. § 90-95 (2020).

[4] Kevin argues along with violation of North Carolina General Statute § 90-95(a)(1) the petition "appears to charge" under North Carolina General Statute § "90-95(a)(2), sale or delivery of a counterfeit controlled substance[.]"

But the State fails to address Kevin's actual argument – since the indictment stated only that the substance was "believed" to be Adderall, the State failed to allege an essential element of the crime. *See generally Carr*, 145 N.C. App. at 341, 549 S.E.2d at 901; *see* N.C. Gen. Stat. § 90-95(a)(1). Although a "controlled substance may be identified an official name, common or usual name, chemical name, or trade name[,]" the indictment must identify it as a controlled substance, since "the identity of the controlled substance is an essential element of the crime of possession of a controlled substance with the intent to sell or deliver." *State v. Stith*, 246 N.C. App. 714, 717, 787 S.E.2d 40, 43 (2016) (citation, quotation marks, brackets and footnote omitted), *aff'd per curiam*, 369 N.C. 516, 796 S.E.2d 784 (2017).

¶ 11        The State fails to direct us to any case law indicating that an indictment is sufficient if it identifies a controlled substance based upon what someone "believed" it was or was "told" it was. No one other than Kevin and Doug saw the pill. While distribution of a controlled substance in a school is a serious problem, the law does not allow a juvenile petition to be based upon conjecture regarding the actual substance distributed. While the State contends the petition "alleges that the Juvenile delivered the substance[;]" it actually does not. The indictment alleges only "that the Juvenile delivered" what someone *believed* and what the State was *told* was a controlled substance.

¶ 12       The State compares this case to *S.R.S.*, where, according to the State, "an indictment was found to be sufficient for communicating threats when . . . 'the totality of the circumstances demonstrate that the juvenile had notice of the precise statutory provision as well as the precise conduct that was alleged to be a violation[.]'" In *S.R.S.*, the juvenile challenged the petition as fatality defective as it alleged he threatened "to injur[e] the person *and* property" of another whereas the specific threat alleged to did not refer to property. *S.R.S.*, 180 N.C. App. at 155, 636 S.E.2d at 281 (emphasis in original). However, *S.R.S.*, is inapposite to the challenge here. *S.R.S.* would be analogous only had that petition alleged the State "believed" or was "told" the juvenile made a threat but not that he actually made a threat. In other words, if the State had included language which indicated the entire threat, regardless of the specifics, may not have even happened. *See generally id.* In addition, threats are quite different from controlled substances. The identification of the controlled substance is a crucial element of the crime of distribution of a controlled substance, and the crime charged depends upon the exact controlled substance involved. *See State v. Ward*, 364 N.C. 133, 143, 694 S.E.2d 738, 744 (2010) ("First and foremost is the obvious point that throughout the lists of Schedule I through VI controlled substances found in sections 90–89 through 90–94, care is taken to provide very technical and specific chemical designations for the materials referenced therein. These scientific definitions imply the necessity of performing a

chemical analysis to accurately identify controlled substances before the criminal penalties in N.C.G.S. § 90–95 are imposed." (citation, quotation marks, and brackets omitted)). Ultimately, this indictment fails to "set forth a plain and concise factual statement . . . with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation" as it is unclear whether a controlled substance was involved at all. *Id.* at 153, 636 S.E.2d at 280. Accordingly, we vacate Kevin's adjudication and disposition orders.

¶ 13 We also note that Kevin made other arguments on appeal which we need not address since we are vacating the orders. Some of the additional arguments on appeal are related to the evidence of the identification of the pill. For example, Kevin raised arguments regarding the denial his of motion to dismiss based on the sufficiency of the evidence and the admission of lay testimony from the SRO regarding identification of the pill. We note that the SRO never saw the pill, so his lay testimony of visual identification was based only upon Doug's description of the pill he took. This testimony would not be competent evidence to identify the controlled substance, as the Supreme Court has determined that expert witness testimony is required to establish that a pill is in fact a controlled substance because this evidence "must be based on a scientifically valid chemical analysis and not mere visual inspection." *Ward*, 364 N.C. at 142, 694 S.E.2d at 744 (footnote omitted).

The *Ward* and *Llamas-Hernandez* decisions result

in two general rules. First, the State is required to present either a scientifically valid chemical analysis of the substance in question or some other sufficiently reliable method of identification. Second, testimony identifying a controlled substance based on visual inspection—whether presented as expert or lay opinion—is inadmissible.

*State v. Carter*, 255 N.C. App. 104, 107–08, 803 S.E.2d 464, 466–67 (2017) (citations omitted).

## III. Conclusion

Because the juvenile petition failed to properly allege the crime of delivering a controlled substance, we vacate the adjudication and disposition orders.

VACATED.

Judges DIETZ and ZACHARY concur.