CALABRIA, Judge.
*879 Where the State presented sufficient evidence that a law enforcement officer had probable cause to stop defendant, the trial court erred in granting defendant's motion to suppress the stop. We reverse and remand.
I. Factual and Procedural Background
On 1 April 2014, Jeffrey Parisi ("defendant") was cited for driving while impaired by Officer Gregory Anderson ("Officer Anderson") of the Wilkesboro Police Department. At a 17 June 2015 hearing in Wilkes *880 County District Court, defendant made an oral pretrial motion to suppress the stop that resulted in the citation, alleging a lack of probable cause, and a motion to dismiss. The district court granted defendant's motions, and the State provided oral and written notice of appeal. The court subsequently entered its written "Preliminary Order of Dismissal" ("the Preliminary Order"), which, despite its caption, only granted defendant's motion to suppress. Again, the State provided written notice of appeal.
The appeal was heard in Wilkes County Superior Court on 13 November 2015. Following the hearing, the court entered an order on 11 January 2016 affirming the decision of the district court to grant defendant's motions ("the Superior Court Order"). The matter was remanded, and on 11 March 2016, the district court entered a "Final Order Granting Motion to Suppress and Motion to Dismiss" ("the Final Order"), granting defendant's motions. The State once more appealed to superior court. On 6 April 2016, the superior court affirmed the Final Order.
The State appealed the matter to this Court. On 7 February 2017, this Court entered its opinion, dismissing in part, vacating in part, and remanding the matter. State v. Parisi , --- N.C. App. ----, 796 S.E.2d 524 (2017). In this decision, we held that "the superior court erred in its review of the district court's preliminary determination to suppress, when it remanded the case to the district court with instructions to dismiss the case." We further held, however, that the State had no right to appeal the district court's final order granting defendant's motion to suppress, which remained undisturbed. We noted that the suppression of the stop did not mandate the dismissal of the case, vacated the orders of dismissal, and remanded for further proceedings.
On 28 July 2017, the State filed a petition for writ of certiorari, seeking this Court's review of the Superior Court Order and the Final Order. We granted this petition on 16 August 2017.
II. Motion to Suppress
In its sole argument on appeal, the State contends that the trial court erred in concluding that Officer Anderson lacked probable cause to stop defendant, and in granting defendant's motion to suppress. We agree.
*230 A. Standard of Review
Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn *881 support the judge's ultimate conclusions of law." State v. Cooke , 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law ... are fully reviewable on appeal." State v. Hughes , 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).
B. Analysis
At trial, Officer Anderson testified that, on 1 April 2014, he was operating a check point on a public street. Defendant was driving the vehicle and, as it approached, Officer Anderson "kind of heard a disturbance between the occupants of the vehicle." He said that he could not hear what they were saying, but it sounded like they were arguing. After the vehicle stopped at the check point, Officer Anderson approached the driver's door and saw "an open box of alcoholic beverage[ ]" on the passenger floorboard. He did not see any open individual containers. Officer Anderson testified that defendant had "glassy, watery eyes[,]" and emitted "an odor of alcohol[.]" When asked whether he had consumed alcohol, defendant told Officer Anderson that he had consumed three beers earlier in the evening.
Officer Anderson administered the horizontal gaze nystagmus test ("HGN"), a test of impairment, and found that defendant demonstrated six "clues" indicating impairment. Officer Anderson also administered a "walk and turn" test, and defendant missed multiple steps, also an indicator of impairment. Lastly, Officer Anderson administered a "one leg stand" test, and defendant used his arms and swayed, also indicators of impairment. As a result, Officer Anderson concluded that defendant was impaired.
In the Preliminary Order, the district court found that defendant arrived at the check point, that Officer Anderson noticed defendant's glassy eyes and an open container of alcohol, and that Officer Anderson administered multiple field sobriety tests. However, the court went on to find that Officer Anderson "did not observe any other indicators of impairment during his encounter with Defendant, including any evidence from Defendant's speech[,]" and concluded that "[t]he fact[s] and circumstances known to Anderson as a result of his observations and testing of Defendant are insufficient, under the totality of the circumstances, to form an opinion in the mind of a reasonable and prudent man/officer that there was probable cause to believe Defendant had committed the offense of driving while impaired." Likewise, the Superior Court Order noted Anderson's observations, but concluded that they were insufficient. The Final Order incorporated the findings and conclusions of the Superior Court Order by reference.
*882 The State offers ample case law to suggest that the findings of the lower courts did not support an ultimate conclusion that Officer Anderson lacked probable cause. Particularly relevant is the case of State v. Townsend , 236 N.C. App. 456, 762 S.E.2d 898 (2014). In Townsend , the officer stopped the defendant at a check point, and immediately noticed the defendant's bloodshot eyes and odor of alcohol. Two alco-sensor tests yielded positive results, and the defendant exhibited clues indicating impairment on three field sobriety tests. We held that this was sufficient to establish probable cause. Id . at 465, 762 S.E.2d at 905. In the instant case, as in Townsend , Officer Anderson noticed defendant's glassy eyes and odor of alcohol, and defendant exhibited clues indicating impairment on three field sobriety tests. And while no alco-sensor test was administered in the instant case, defendant himself volunteered the statement that he had been drinking earlier in the evening.
Our Supreme Court has held that while the odor of alcohol, standing alone, is not evidence of impairment, the "[f]act that a motorist has been drinking, when considered in connection with ... other conduct indicating an impairment of physical or mental faculties, is sufficient prima facie to show a violation of G.S. 20-138." Atkins v. Moye , 277 N.C. 179, 185, 176 S.E.2d 789, 794 (1970) (quoting *231 State v. Hewitt , 263 N.C. 759, 764, 140 S.E.2d 241, 244 (1965) ). Once again, in the instant cast, Officer Anderson was presented with the odor of alcohol, defendant's own admission of drinking, and multiple indicators on field sobriety tests demonstrating impairment.
The superior court, in the Superior Court Order, cited the unpublished case of State v. Sewell , 239 N.C. App. 132, 768 S.E.2d 650 (2015) (unpublished), as part of its reasoning in finding a lack of probable cause. We note first that, as an unpublished decision, Sewell is not binding upon the courts of this State. Additionally, while many such cases are extremely fact-specific, it is crucial to note that Sewell is easily distinguished from the instant case. The officer in Sewell did not identify the defendant as the source of the odor of alcohol. The defendant in Sewell exhibited no clues of impairment during the "one leg stand" and "walk and turn" tests. In the instant case, by contrast, Officer Anderson clearly identified defendant as the source of the odor of alcohol, and defendant exhibited clues of impairment during all three field sobriety tests. Further, in each of their orders, the lower courts found as much.
Upon our review, it seems clear that the facts, as supported by the evidence and as found by the district and superior courts, supported a conclusion that Officer Anderson had probable cause to stop and cite defendant for driving while impaired. Accordingly, we hold that the trial *883 court erred in granting defendant's motion to suppress the stop. We reverse the lower courts' orders and remand for further proceedings.
REVERSED AND REMANDED.
Judge BRYANT concurs.
Judge HUNTER dissents in a separate opinion.