IN THE SUPREME COURT OF NORTH CAROLINA

No. 65A17-2

Filed 16 August 2019

STATE OF NORTH CAROLINA

v.

JEFFREY ROBERT PARISI

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 817 S.E.2d 228 (N.C. Ct. App. 2018), reversing and remanding orders entered on 13 January 2016 by Judge Michael D. Duncan in Superior Court, Wilkes County, and on 11 March 2016 by Judge Robert J. Crumpton in District Court, Wilkes County. Heard in the Supreme Court on 4 April 2019.

*Joshua H. Stein, Attorney General, by John W. Congleton, Assistant Attorney General, for the State.*

*Glenn Gerding, Appellate Defender, by Michele A. Goldman, Assistant Appellate Defender, for defendant-appellant.*

ERVIN, Justice.

The issue before the Court in this case is whether the trial courts properly determined that a motion to suppress filed by defendant Jeffrey Robert Parisi should be allowed on the grounds that the investigating officer lacked probable cause to place defendant under arrest for driving while impaired. After careful consideration of the record in light of the applicable law, we hold that the trial courts' findings of fact failed to support their legal conclusion that the investigating officer lacked the

probable cause needed to place defendant under arrest for impaired driving. As a result, we affirm the Court of Appeals' decision to reverse the trial courts' suppression orders and remand this case to the trial courts for further proceedings.

At approximately 11:30 p.m. on 1 April 2014, Officer Greg Anderson of the Wilkesboro Police Department was operating a checkpoint on Old 421 Road. At that time, Officer Anderson observed defendant drive up to the checkpoint and heard what he believed to be an argument among the vehicle's occupants. Upon approaching the driver's side window and shining his flashlight into the vehicle, Officer Anderson observed an open box of beer on the passenger's side floorboard. However, Officer Anderson did not observe any open container of alcohol in the vehicle. In addition, Officer Anderson detected an odor of alcohol and noticed that defendant's eyes were glassy and watery. At that point, Officer Anderson asked defendant to pull to the side of the road and step out of the vehicle. After defendant complied with this instruction, Officer Anderson confirmed that a moderate odor of alcohol emanated from defendant's person rather than from the interior of the vehicle. When Officer Anderson asked defendant if he had consumed any alcohol, defendant replied that he had drunk three beers earlier in the evening.

At that point, Officer Anderson requested that defendant submit to several field sobriety tests. First, Officer Anderson administered the horizontal gaze nystagmus test to defendant. In the course of administering the horizontal gaze nystagmus test, Officer Anderson observed that defendant exhibited six clues

indicating impairment. Secondly, Officer Anderson had defendant perform a walk and turn test, during which defendant was required to take nine heel-to-toe steps down a line, turn around, and take nine similar steps in the opposite direction. In performing the walk and turn test, defendant missed the fourth and fifth steps while walking in the first direction and the third and fourth steps while returning. In Officer Anderson's view, these missed steps, taken collectively, constituted an additional clue indicating impairment. Finally, Officer Anderson administered the one leg stand test to defendant. As defendant performed this test, Officer Anderson noticed that he used his arms for balance and swayed, which Officer Anderson treated as tantamount to two clues indicating impairment. At that point, Officer Anderson formed an opinion that defendant had consumed a sufficient amount of alcohol to appreciably impair his mental and physical faculties.

Subsequently, Officer Anderson issued a citation charging defendant with driving while subject to an impairing substance in violation of N.C.G.S. § 20-138.1. The charge against defendant came on for trial before Judge Robert J. Crumpton at the 17 June 2015 criminal session of the District Court, Wilkes County. Prior to trial, defendant made a motion to suppress the evidence obtained as a result of his arrest on the grounds that Officer Anderson lacked the necessary probable cause to take him into custody. On 23 September 2015, Judge Crumpton entered a Preliminary Order of Dismissal in which he determined that defendant's suppression motion

should be granted.[1]  On 23 September 2015, the State noted an appeal from Judge

Crumpton's preliminary order to the Superior Court, Wilkes County.

The State's appeal came on for hearing before Judge Michael D. Duncan at the

9 November 2015 criminal session of the Superior Court, Wilkes County.  On 13

January 2016, Judge Duncan entered an Order Granting Motion to Suppress and

Motion to Dismiss[2] in which he granted defendant's suppression motion and ordered

that the charge that had been lodged against defendant be dismissed.  On 11 March

2016, Judge Crumpton entered a Final Order Granting Motion to Suppress and

Motion to Dismiss in which he granted defendant's motion to suppress the evidence

obtained as a result of his arrest and ordered "that the charge against [d]efendant be

dismissed."  On the same date, the State noted an appeal from Judge Crumpton's

final order to the Superior Court, Wilkes County.  On 6 April 2016, Judge Duncan

entered an Order of Dismissal Affirmation affirming Judge Crumpton's "final order

suppressing the arrest of the defendant and dismissing the charge of driving while

impaired."  The State noted an appeal to the Court of Appeals from Judge Duncan's

order affirming Judge Crumpton's final order granting defendant's suppression

---

[1] Judge Crumpton's preliminary order did not dismiss the driving while impaired charge that had been lodged against defendant.

[2] Judge Duncan "[g]rant[ed defendant's m]otion to [s]uppress and [m]otion to [d]ismiss" even though defendant had never moved that the case be dismissed and even though Judge Crumpton did not order that the driving while impaired charge that had been lodged against defendant be dismissed.

motion and dismissing the driving while impaired charge that had been lodged against defendant.

In seeking relief from the orders entered by Judge Crumpton and Judge Duncan before the Court of Appeals, the State argued that the trial courts had erred by finding that Officer Anderson lacked probable cause to arrest defendant for driving while impaired and ordering that the driving while impaired charge that had been lodged against defendant be dismissed. On 7 February 2017, the Court of Appeals filed an opinion dismissing the State's appeal from Judge Crumpton's order granting defendant's suppression motion on the grounds that the State had no right to appeal the final order granting defendant's suppression motion, vacating the trial court orders requiring that the driving while impaired charge that had been lodged against defendant be dismissed, and remanding this case to the Superior Court for further remand to the District Court for further proceedings. *State v. Parisi*, 796 S.E.2d 524, 529 (N.C. Ct. App. 2017), *disc. review denied*, 369 N.C. 751, 799 S.E.2d 873 (2017).

On 28 July 2017, the State filed a petition requesting the Court of Appeals to issue a writ of certiorari authorizing review of Judge Duncan's Order Granting Motion to Suppress and Motion to Dismiss and Judge Crumpton's Final Order Granting Motion to Suppress and Motion to Dismiss. *State v. Parisi*, 817 S.E.2d 228, 229 (N.C. Ct. App. 2018). On 16 August 2017, the Court of Appeals granted the State's certiorari petition. *Id.*, 817 S.E.2d at 229. In seeking relief from the trial courts' orders before the Court of Appeals on this occasion, the State argued that

Judge Crumpton and Judge Duncan had erred by granting defendant's suppression motion on the grounds that, in the State's view, Officer Anderson had probable cause to arrest defendant for impaired driving.

In a divided opinion reversing the trial courts' orders and remanding this case to the trial courts for further proceedings, the Court of Appeals majority determined that the facts at issue in this case resembled those at issue in *State v. Townsend*, 236 N.C. App. 456, 762 S.E.2d 898 (2014), in which the Court of Appeals had held that an officer had probable cause to arrest a defendant for impaired driving given that the defendant, who had been stopped at a checkpoint, "had bloodshot eyes and a moderate odor of alcohol about his breath," exhibited multiple clues indicating impairment during the performance of three field sobriety tests, and produced positive results on two alco-sensor tests. *Parisi*, 817 S.E.2d at 230 (citing *Townsend*, 236 N.C. App. at 465, 762 S.E.2d at 905. Although the Court of Appeals noted that "no alco-sensor test [had been] administered in the instant case, defendant himself volunteered the statement that he had been drinking earlier in the evening." *Parisi*, 817 S.E.2d at 230. In addition, the Court of Appeals pointed out that, "while the odor of alcohol, standing alone, is not evidence of impairment, the '[f]act that a motorist has been drinking, when considered in connection with . . . other conduct indicating an impairment of physical or mental faculties, is sufficient prima facie to show a violation of [N.C.]G.S. [§] 20-138.1.' " *Parisi*, 817 S.E.2d at 230–31 (quoting *Atkins v. Moye*, 277 N.C. 179, 185, 176 S.E.2d 789, 794 (1970)). On the other hand, the Court

of Appeals was not persuaded by the trial courts' reliance upon the Court of Appeals' own unpublished opinion in *State v. Sewell*, 239 N.C. App. 132, 768 S.E.2d 650 (2015), given that "it is not binding upon the courts of this State" and is "easily distinguished from the instant case." *Id.,* 817 S.E.2d at 231 (citing *Sewell*, 239 N.C. App. 132, 768 S.E.2d 650). As a result, the Court of Appeals concluded that "the facts, as supported by the evidence and as found by the district and superior courts, supported a conclusion that Officer Anderson had probable cause to stop and cite defendant for driving while impaired," so that "the trial court erred in granting defendant's motion to suppress the stop." *Id.*, 817 S.E.2d at 231

In dissenting from the Court of Appeals' decision, Judge Robert N. Hunter, Jr., expressed the belief that the uncontested facts supported the legal conclusion that Officer Anderson lacked the probable cause necessary to support his decision to place defendant under arrest. *Id.*, 817 S.E.2d at 231–32. More specifically, the dissenting judge asserted that the trial courts' findings in this case, while "analogous to *some* of the findings of fact in *Townsend*," differed from those findings in certain critical ways. *Id.*, 817 S.E.2d at 231. For example, the dissenting judge pointed out that, in this case, Officer Anderson "did not administer an alco-sensor test" and that the trial courts made no "findings [about] *exactly when* [d]efendant drank in the night." *Id.*, 817 S.E.2d at 232. In addition, unlike the situation at issue in *Townsend*, "the trial courts found no facts about Officer Anderson's experience" and merely stated that Officer Anderson "found clues of impairment" rather than making specific findings

concerning the number of clues indicating impairment that the officer detected in administering the horizontal gaze nystagmus test. *Id.*, 817 S.E.2d at 232. The dissenting judge further noted that the "trial courts found that [d]efendant did not slur his speech, did not drive unlawfully or 'bad[ly,]' or appear 'unsteady' on his feet." *Id.*, 817 S.E.2d at 232. As a result, the dissenting judge concluded that the "uncontested findings of fact support the trial court's conclusions that Officer Anderson lacked probable cause to arrest [d]efendant" for driving while impaired. *Id.*, 817 S.E.2d at 232. Defendant noted an appeal to this Court based upon the dissenting judge's opinion.

In seeking to persuade us to overturn the Court of Appeals' decision, defendant begins by asserting that the Court of Appeals had erroneously "reweighed the evidence" instead of "determining whether the competent, unchallenged factual findings supported the trial courts' legal conclusions." According to defendant, the Court of Appeals' "misapplication of the standard of review" led it to reach a different conclusion than the trial courts despite the fact that "the trial courts' competent factual findings supported their legal conclusions" and even though "there was no identified error of law committed by the trial courts in reaching their conclusions." According to defendant, this Court's decision in *State v. Nicholson* establishes that "the *de novo* portion of an appellate court's review of an order granting or denying a motion to suppress relates to the assessment of whether the trial court's factual findings support its legal conclusions and whether the trial court employed the

correct legal standard," citing *State v. Nicholson*, 371 N.C. 284, 288, 813 S.E.2d 840, 843 (2018). Although the Court of Appeals "acknowledged the correct standard of review," defendant contends that it "applied a non-deferential sufficiency test," with this alleged error being reflected in its statement that, "[w]here the State presented sufficient evidence that a law enforcement officer had probable cause to stop defendant, the trial court erred in granting defendant's motion to suppress the stop," citing *Parisi*, 817 S.E.2d at 299.

In addition, defendant contends that the Court of Appeals erroneously relied upon *Atkins*, 277 N.C. at 184, 176 S.E.2d at 793, and *State v. Hewitt*, 263 N.C. 759, 140 S.E.2d 241 (1965), in addressing the validity of the State's challenge to the trial courts' suppression orders. Although "*Atkins* and *Hewitt* assessed whether evidence, viewed in a light most favorable to the proponent, warranted an issue being put to the jury," defendant points out that a trial judge is required "to make credibility determinations and to weigh evidence" in determining whether to grant or deny a suppression motion and that an appellate court is obligated "to address . . . whether the trial court's competent factual findings supported its legal conclusions." The dissenting judge, in defendant's view, correctly applied the applicable standard of review by focusing upon the issue of whether trial courts' findings of fact supported its conclusions. (citing *Parisi*, 817 S.E.2d at 232).

Moreover, defendant claims that the Court of Appeals erred by overturning the trial courts' "unchallenged and supported factual determination" concerning whether

defendant's performance during the administration of the field sobriety tests indicated impairment. In defendant's view, "[t]he trial courts implicitly found that [defendant's] imperfect but passing performance on the field sobriety tests alone did not indicate impairment," effectively rejecting Officer Anderson's testimony to the contrary. In support of this assertion, defendant relies upon our decision in *State v. Bartlett*, 368 N.C. 309, 311–12, 776 S.E.2d 672, 673–74 (2015), in which the testimony of the defendant's expert witness directly contradicted the testimony of the arresting officer's testimony that the defendant's performance on a variety of field sobriety tests indicated that the defendant was appreciably impaired. In addressing the validity of the State's challenge to the validity of a suppression order entered by one Superior Court judge following a hearing held before another, this Court stated that

> Expert opinion testimony is evidence, and the two expert opinions in this case differed from one another on a fact that is essential to the probable cause determination— defendant's apparent degree of impairment. Thus, a finding of fact, whether written or oral, was required to resolve this conflict.

*Id.* at 312, 776 S.E.2d at 674. According to defendant, Officer Anderson's testimony that defendant's performance on the field sobriety tests indicated impairment was not binding upon the trial court, which "was charged with deciding the credibility of and weight to be given to [Officer] Anderson's opinion testimony." Defendant asserts that, rather than finding that defendant was appreciably impaired, the trial court concluded that Officer Anderson lacked probable cause and that this determination

"implicitly incorporat[es] a factual finding that [Officer] Anderson's opinion was not supported by his observations and testing of [defendant]."

In defendant's view, the trial courts both determined that

> [t]he fact[s] and circumstances known to [Officer] Anderson as a result of his observations and testing of [d]efendant are insufficient, under the totality of the circumstances, to form an opinion in the mind of a reasonable and prudent man/officer that there was probable cause to believe [d]efendant had committed the offense of driving while impaired. [3]

After acknowledging that the trial courts had labeled their respective assessments of Officer Anderson's testimony as conclusions of law rather than as findings of fact, defendant contends that these conclusions were, "in effect," factual findings "and should be treated accordingly," citing *State ex rel. Utilities Comm. v. Eddleman,* 320 N.C. 344, 352, 358 S.E.2d 339, 346 (1987). In view of the fact that Officer Anderson merely testified that, in his opinion, defendant was appreciably impaired rather than expressing an opinion concerning the "ultimate issue of whether probable cause existed" and the fact that the issue of whether defendant was driving was not contested, defendant argues that the trial court "necessarily rejected" Officer Anderson's testimony concerning the extent to which defendant was appreciably impaired, quoting *Bartlett* at 312, 776 S.E.2d at 674 (stating that defendant's apparent impairment "is essential to the probable cause determination"). In

---

[3] This language, which appears in the District Court's 23 September 2015 "Preliminary Order of Dismissal," is virtually identical to the corresponding language in the Superior Court's 13 January 2016 order.

reversing the trial courts, defendant argues that "the Court of Appeals majority necessarily gave weight and credit to [Officer] Anderson's opinion testimony on impairment that both of the trial courts had rejected."

Furthermore, defendant contends that the Court of Appeals erred by referencing Officer Anderson's testimony that defendant "demonstrated six 'clues' indicating impairment" in light of the fact that neither trial court made a finding concerning the number of clues indicating impairment that Officer Anderson observed in their findings of fact. In defendant's view, the Court of Appeals "adopted without question [Officer] Anderson's testimony about the number and significance of [Horizontal Gaze Nystagmus] clues," erroneously "engaging in its own fact finding," and "rejecting the trial courts' unchallenged and amply supported factual findings as to whether [defendant] appeared appreciably impaired."

Finally, defendant contends that "[t]he trial courts' unchallenged and supported findings amply supported the courts' legal conclusion that [Officer] Anderson lacked probable cause to arrest [defendant] for driving while impaired." In support of this contention, defendant points to the trial courts' findings that defendant was steady on his feet, cooperative, respectful, able to listen, able to follow instructions and answer questions, and exhibited no signs of bad driving or slurred speech. According to defendant, his own "slightly imperfect, but passing performance on the walk-and-turn and one-leg-stand field sobriety tests," in conjunction with the clues indicating impairment that Officer Anderson had noted while administering the

horizontal gaze nystagmus test, provided the only evidence of defendant's impairment. According to defendant, this "minimal evidence" of impairment, when compared to the "substantial evidence" contained in the record tending to show that defendant was not impaired, establishes that the State had failed to show that the challenged suppression orders were not supported by the trial courts' "competent and unchallenged factual findings."

Defendant notes that "[p]robable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty," quoting *State v. Streeter*, 283 N.C. 203, 207, 195 S.E.2d 502, 505 (1973). According to defendant, "mere alcohol consumption and minimal impairment" did not suffice to establish defendant's guilt of driving while impaired, quoting *State v. Harrington*, 78 N.C. App. 39, 45, 336 S.E.2d 852, 855 (1985).

According to defendant, the Court of Appeals' reliance upon its own opinion in *Townsend* was misplaced given "the limited role that precedent plays in a totality-of-the-circumstances test," citing *State v. Williams*, 366 N.C. 110, 118, 726 S.E.2d 161, 168, 201 (2012), and that *Townsend* involved an appeal from the denial, rather than the allowance, of a motion to suppress. On the contrary, defendant insists that other recent Court of Appeals' opinions are more factually and procedurally instructive for purposes of deciding this case, citing *State v. Overocker*, 236 N.C. App. 423, 762 S.E.2d 921 (2014); and then, *State v. Lindsey*, 249 N.C. App. 416, 791 S.E.2d 496 (2016); and

then, *State v. Sewell*, 239 N.C. App. 132, 768 S.E.2d 650 (2015)). In defendant's view, *Overocker* should guide our analysis in this case given the "deference" that the Court of Appeals afforded to the trial court's suppression order by declining to "weigh the evidence and assess its credibility in a manner different from that of the trial court," quoting *Overocker*, 236 N.C. App. at 433–34, 762 S.E.2d at 928. As a result, since "the Court of Appeals abandoned the restraint required by the standard of review and demonstrated in its decisions in *Townsend*, *Overocker*, *Lindsey*, and *Sewell*," its decision in this case should be reversed.

In urging us to uphold the Court of Appeals' decision in this case, the State argues that the Court of Appeals' determination that the probable cause necessary to support defendant's arrest was present in this case did not rest solely upon the trial courts' findings that Officer Anderson detected an odor of alcohol emanating from defendant. Instead, the State contends that the Court of Appeals' decision rested upon findings of fact about

> [d]efendant driving the vehicle, a disturbance inside the vehicle as it approached the checkpoint, an odor of alcohol coming from the vehicle, an open box of alcoholic beverages in the vehicle, a moderate odor of alcohol coming from defendant's person, an admission by defendant of drinking three [ ] beers previously in the evening, defendant missing steps on the walk and turn test, defendant swaying and using his arms for balance on the one leg stand test and Officer Anderson observing multiple additional clues of impairment during the Horizontal Gaze Nystagmus test.

Although the State acknowledges that this Court has held that an odor of alcohol, "standing alone, is not evidence that [a driver] is under the influence of an intoxicant,"

citing *Atkins*, 277 N.C. at 185, 176 S.E.2d at 793, the State also notes that "the '[f]act that a motorist has been drinking, when considered in connection with faulty driving . . . or other conduct indicating an impairment of physical or mental faculties, is sufficient prima facie to show a violation of [N.C.]G.S. § 20–138.1,' " quoting *Atkins*, at 185, 176 S.E.2d at 794. In addition to the presence of a moderate odor of alcohol, the trial courts found the existence of multiple signs of impairment in this case, including the fact that defendant admitted to having consumed three beers, that defendant missed steps on the walk and turn test, that defendant swayed during the one leg stand test, and that defendant displayed multiple clues indicating impairment while performing the horizontal gaze nystagmus test.

The State contends that the Court of Appeals properly applied this Court's decisions in *Atkins* and *Hewitt* in conducting a *de novo* review of the trial courts' conclusions of law. In the State's view, the Court of Appeals' reliance upon *Townsend* was appropriate given that, "in this case[,] there existed almost all of the same facts and circumstances that the Court of Appeals found sufficient to support a finding of probable cause in *Townsend*," citing *Townsend*, 236 N.C. App. 456, 762 S.E.2d 898. On the other hand, the State asserts that the trial courts' reliance upon the Court of Appeals' unpublished decision in *Sewell* was "misplaced" given that opinion's unpublished status and the existence of material factual distinctions between the two cases, citing *Sewell*, 239 N.C. App. 132, 768 S.E.2d 650.

The State challenges the validity of defendant's assertion that the trial courts failed to find Officer Anderson's testimony credible. According to the State, the trial courts' findings of fact were "completely consistent with Officer Anderson's testimony and observations." For that reason, the State contends that the Court of Appeals correctly held that the trial courts' uncontested findings of fact failed to support their legal conclusion that Officer Anderson lacked probable cause to arrest defendant for impaired driving.

Finally, the State argues that the Court of Appeals applied the correct standard of review in overturning the trial courts' orders. Instead of utilizing a sufficiency of the evidence standard, the State asserts that the Court of Appeals "expressly cited the correct standard of review in its opinion." According to the State, the Court of Appeals properly cited *Atkins* and *Hewitt* in determining whether the trial courts' legal conclusions were both supported by the findings of fact and legally correct. The State argues that, in conducting *de novo* review, an appellate court must analyze a trial court's probable cause determination in light of the totality of the circumstances and that determining whether the trial court had applied the proper legal principles to the relevant facts would be impossible if appellate courts were precluded from considering all of the circumstances upon which the trial court relied in coming to its legal conclusion. For that reason, the State contends that the Court of Appeals correctly analyzed the validity of the trial courts' probable cause determination using a *de novo* standard of review that considered the totality of the

circumstances reflected in the trial courts' findings of fact. As a result, the State urges this Court to affirm the Court of Appeals' decision.

As we have stated on many occasions, this Court reviews a trial court's order granting or denying a defendant's suppression motion by determining "whether the trial court's 'underlying findings of fact are supported by competent evidence . . . and whether those factual findings in turn support the [trial court's] ultimate conclusions of law.' " *State v. Bullock*, 370 N.C. 256, 258, 805 S.E.2d 671, 674 (2017) (alterations in original) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)); *see also, e.g., State v. Biber*, 365 N.C. 162, 167–68, 712 S.E.2d 874, 878 (2011) (citing *State v. Brooks*, 337 N.C. 132, 140–41, 446 S.E.2d 579, 585 (1994)). In accordance with the applicable standard of review, the trial court's findings of fact "are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Eason*, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994); *see also Cooke*, 306 N.C. at 134, 291 S.E.2d at 619; *State v. Saldierna*, 371 N.C. 407. 421, 817 S.E.2d 174, 183 (N.C. 2018), *cert. denied*, 139 S. Ct. 1279, 203 L. Ed. 2d 290 (2019). On the other hand, however, "[c]onclusions of law are reviewed de novo and are subject to full review," *Biber*, 365 N.C. at 168, 712 S.E.2d at 878 (citing *State v. McCollum*, 334 N.C. 208, 237, 433 S.E.2d 144, 160 (1993) (citation omitted)), with an appellate court being allowed to "consider[ ] the matter anew and freely substitute[ ] its own judgment' for that of the lower tribunal." *Id.* at 168, 712 S.E.2d at 878 (quoting *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008)). After carefully reviewing the trial

courts' suppression orders, we hold that the trial courts' factual findings fail to support their legal conclusion that Officer Anderson lacked probable cause to arrest defendant for driving while impaired in violation of N.C.G.S. § 20-138.1.

As the parties agree, the ultimate issue raised by defendant's suppression motion is whether Officer Anderson had probable cause to place defendant under arrest for driving while subject to an impairing substance in violation of N.C.G.S. § 20-38.1. Section 20-138.1 provides, in pertinent part, that "[a] person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State . . . [w]hile under the influence of an impairing substance." N.C.G.S. § 20-138.1(a)(1). "[A] person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of the statute, when he has drunk a sufficient quantity of intoxicating beverages or taken a sufficient amount of narcotic drugs to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of those faculties." *State v. Carroll*, 226 N.C. 237, 241, 37 S.E.2d 688, 691 (1946). According to well-established federal and state law, probable cause is defined as "those facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information which are sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *State v. Williams*, 314 N.C. 337, 343, 333 S.E.2d 708, 713 (1985) (citing, first, *Beck v. Ohio*, 379 U.S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142

(1964); then, *State v. Zuniga*, 312 N.C. 251, 322 S.E.2d 140 (1984)). "Whether probable cause exists to justify an arrest depends on the 'totality of the circumstances' present in each case." *State v. Sanders*, 327 N.C. 319, 339, 395 S.E.2d 412, 425 (1990) (citations omitted). Thus, Officer Anderson had probable cause to arrest defendant for impaired driving in the event that a prudent officer in his position would reasonably have believed defendant's mental or physical faculties to have been appreciably impaired as the result of the consumption of an intoxicant.

"The fact that a motorist has been drinking, when considered in connection with faulty driving such as following an irregular course on the highway or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show [the offense of impaired driving]." *Hewitt*, 263 N.C. at 764, 140 S.E.2d at 244 (citing *State v. Gurley*, 257 N.C. 270, 125 S.E.2d 445 (1962)). In *Atkins*, for example, we held that evidence tending to show that a broken pint container had been found in the driver's vehicle, that an odor of alcohol could be detected on both the driver's breath and in his vehicle, and that the driver had failed to take any action to avoid a collision with another vehicle sufficed to support a conclusion that plaintiff's faculties had been appreciably impaired by the consumption of an alcoholic beverage. *Atkins*, 365 N.C. at 185, 176 S.E.2d at 794; *see State v. Rich*, 351 N.C. 386, 399, 527 S.E.2d 299, 306 (2000). The Court of Appeals has reached similar results in numerous decisions, including *Townsend*, 236 N.C. App. at 465, 762 S.E.2d at 905 (upholding the denial of a defendant's suppression motion based upon the fact that

the defendant had bloodshot eyes, emitted an odor of alcohol, exhibited clues indicating intoxication on three field sobriety tests, and produced positive results on two alco-sensor tests); *Steinkrause v. Tatum*, 201 N.C. App. 289, 295, 689 S.E.2d 379, 383 (2009), (holding that probable cause to believe that a driver was guilty of impaired driving existed in light of fact that an odor of alcohol was detected on the driver's person and the driver was involved in a one-vehicle accident), *aff'd per curiam*, 364 N.C. 419, 700 S.E.2d 222 (2010); *State v. Tappe*, 139 N.C. App. 33, 38, 533 S.E.2d 262, 265 (2000) (holding that the probable cause needed to support the defendant's arrest existed when an officer detected a strong odor of alcohol on the defendant's breath, when the defendant's eyes were glassy and watery, and when the vehicle being operated by the defendant crossed the center line of the street or highway upon which it was travelling); and *Rock v. Hiatt*, 103 N.C. App. 578, 584–85, 406 S.E.2d 638, 642– 43 (1991) (holding that an officer had reasonable grounds to believe that an individual was guilty of impaired driving based upon the fact that the officer observed the driver's vehicle leave a hotel parking lot at an excessive rate of speed at the approximate time at which the hotel's lounge closed, detected a strong odor of an intoxicating beverage on the driver's breath after pulling him over, and noticed that the driver's speech was slurred, his eyes were glassy, and he was swaying unsteadily on his feet). As a result, Officer Anderson would have had probable cause to place defendant under arrest for driving while impaired in the event that, based upon an analysis of the totality of the circumstances, he reasonably believed that defendant

had consumed alcoholic beverages and that defendant had driven in a faulty manner or provided other indicia of impairment.

In his preliminary order, Judge Crumpton found as fact that

1.  Defendant was driving a motor vehicle in Wilkesboro on April 1, 2014, when he entered a checking station being worked by Wilkesboro Police Department.

2.  [Officer] Anderson approached the driver after he entered the checkpoint.

3.  [Officer] Anderson did not observe any unlawful or bad driving by the defendant.

4.  [Officer] Anderson asked to see [d]efendant's driver's license and [d]efendant provided the license to him.

5.  [Officer] Anderson noticed [d]efendant's eyes appeared glassy.

6.  [Officer] Anderson noticed an open container of alcohol in the passenger area of the motor vehicle.

7.  [Officer] Anderson asked [d]efendant to exit the vehicle, which [d]efendant did.

8.  [Officer] Anderson inquired if [d]efendant had anything to drink, and [d]efendant stated that he had drunk three beers earlier in the evening.

9.  [Officer] Anderson administered the walk-and-turn field sobriety test.

10.  Defendant missed one step on the way down and one step on the way back while performing the test.

11.  [Officer] Anderson administered the one-leg stand field sobriety test.

12.  Defendant swayed and used his arms for balance during the performance of the test.

13. [Officer] Anderson did not observe any other indicators of impairment during his encounter with [d]efendant, including any evidence from [d]efendant's speech.

14. [Officer] Anderson formed the opinion that [d]efendant has consumed a sufficient amount of impairing substance so as to appreciably impair [d]efendant's physical and/or mental faculties.

15. [Officer] Anderson formed the opinion that the impairing substance was alcohol.

16. [Officer] Anderson placed [d]efendant under arrest.

After making many of the same factual findings, Judge Duncan made a number of additional findings on appeal that were included in Judge Crumpton's final order, including the fact that Officer Anderson observed a "disturbance" between the defendant and other occupants of the vehicle as he approached it; that, although Officer Anderson noticed an open box of alcoholic beverages in the passenger-side floorboard, he did not observe any open containers of alcoholic beverages in the vehicle; that Officer Anderson observed an odor of alcohol emanating from the vehicle and a moderate odor of alcohol emanating from defendant's person; that defendant's eyes appeared to be red; and that Officer Anderson found clues indicating impairment while administering the horizontal gaze nystagmus test.

Although the findings of fact made in the trial courts' orders have adequate evidentiary support, they do not support the trial courts' conclusions that Officer Anderson lacked the probable cause needed to justify defendant's arrest. As the Court of Appeals correctly noted, the trial courts' findings reflect that "Officer

Anderson was presented with the odor of alcohol, defendant's own admission of drinking, and multiple indicators on field sobriety tests demonstrating impairment." *Parisi*, 817 S.E.2d at 230–31. In view of the unchallenged findings that defendant had been driving, that defendant admitted having consumed three beers, that defendant's eyes were red and glassy, that a moderate odor of alcohol emanated from defendant's person, and that defendant exhibited multiple indicia of impairment while performing various sobriety tests, we have no hesitation in concluding that the Court of Appeals correctly determined that the trial courts' findings established that Officer Anderson had probable cause to arrest defendant for impaired driving. *See State v. Harris*, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971) (citing 5 Am. Jur.2d Arrest § 44 (1962)). As a result, we hold that the Court of Appeals did not err by reversing the trial courts' suppression orders.

In seeking to persuade us to reach a different result, defendant argues that the Court of Appeals' decision to reverse the trial courts' suppression orders relied upon the erroneous use of a "non-deferential sufficiency test," with this contention resting upon the majority's statement, in the introductory portion of its opinion, that, "[w]here the State presented sufficient evidence that a law enforcement officer had probable cause to stop defendant, the trial court erred in granting defendant's motion to suppress the stop." *Parisi*, 817 S.E.2d at 229. Although the language upon which defendant relies in support of this contention could have been more artfully drafted, we do not believe that it enunciates the standard of review that the Court of Appeals

utilized in reviewing the State's challenge to the trial courts' suppression orders.  On the contrary, the Court Appeals correctly stated the applicable standard of review at the very beginning, *Parisi*, 817 S.E.2d at 230 (stating that "[o]ur review of a trial court's denial of a motion to suppress is 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law' " (quoting *Cooke*, 306 N.C. at 134, 291 S.E.2d at 619 (1982), and that " [t]he trial court's conclusions of law . . . are fully reviewable on appeal," (quoting *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000))), and in the conclusion of its opinion, *Parisi*, 817 S.E.2d at 231 (stating that "it seems clear that the facts, as supported by the evidence and as found by the district and superior courts, supported a conclusion that Officer Anderson had probable cause to stop and cite defendant for driving while impaired"), and analyzed the relevant factual findings in accordance with the applicable standard of review.  As a result, we are unable to agree with defendant that the Court of Appeals failed to apply the applicable statute of review.

In addition, defendant argues that the Court of Appeals misapplied the applicable standard of review as well.  In defendant's view, the trial courts "implicitly found" that defendant was not appreciably impaired and that this "unchallenged and supported factual determination" should be deemed binding for purposes of appellate review, citing *Bartlett*, 368 N.C. at 312, 776 S.E.2d at 674.  In essence, defendant

argues that, by determining that Officer Anderson lacked probable cause to place defendant under arrest, the trial courts implicitly rejected Officer Anderson's opinion that defendant was appreciably impaired; that, by making this determination, the trial courts effectively found as a fact that Officer Anderson lacked probable cause to place defendant under arrest; and that the Court of Appeals erred by failing to defer to this implicit finding given that it had the requisite evidentiary support.

As we understand it, defendant's argument rests upon the assumption that the trial courts implicitly found that defendant's mental and physical faculties were not appreciably impaired and a contention that this implicit finding is binding upon the appellate courts in the event that it has sufficient evidentiary support. To be sure, this Court has held that "only a material conflict in the evidence—one that potentially affects the outcome of the suppression motion—must be resolved by explicit factual findings that show the basis for the trial court's ruling," *Bartlett*, 368 N.C. at 312, 776 S.E.2d at 674 (citing, first *State v. Salinas*, 366 N.C. 119, 123–24, 729 S.E.2d 63, 66 (2012); then, *State v. Ladd*, 308 N.C. 272, 278, 302 S.E.2d 164, 168 (1983)), and that, "[w]hen there is no conflict in the evidence, the trial court's findings can be inferred from its decision," *id.* at 312, 776 S.E.2d at 674 (citing *State v. Munsey*, 342 N.C. 882, 885, 467 S.E.2d 425, 427 (1996)). However, this principle does not justify a decision in defendant's favor in the present instance.

First, and perhaps most importantly, the record evidence in this case was not, at least in our opinion, in conflict in the manner contemplated by the Court in the

decisions cited in the preceding paragraph. Instead, as we have already noted, the evidence contained in the present record, which consisted of testimony from Officer Anderson concerning his observations of defendant's condition and his performance on certain field sobriety tests, showed that defendant had a moderate odor of alcohol about his person, that defendant's eyes were red and glassy, that defendant had admitted having consumed three beers earlier that evening, and that defendant exhibited a number of clues indicating impairment while performing the walk-and-turn test, one-leg stand test, and the horizontal gaze nystagmus test.[4] As we have already noted, these facts, all of which are reflected in the trial courts' findings, establish, as a matter of law, that defendant had consumed alcohol on the evening in question and that his faculties were appreciably impaired, albeit not completely obliterated, on the evening in question. As a result, rather than having made an implicit factual finding that defendant was not appreciably impaired, the trial courts made explicit findings of fact establishing that the appreciable impairment needed to support defendant's arrest in this case did, in fact, exist before incorrectly concluding as a matter of law that no probable cause for defendant's arrest existed.

Secondly, this Court has clearly stated that "[f]indings of fact are statements of what happened in space and time," *State ex rel. Utilities Comm'n v. Eddleman*, 320 N.C. 344, 351, 358 S.E.2d 339, 346 (1987), while conclusions of law "state[ ] the legal

---

[4] Interestingly, the trial courts, in finding that Officer Anderson had not "observe[d] any other indicators of impairment" aside from these sobriety test results, essentially acknowledged that these test results constituted "indications of impairment."

basis upon which [a] defendant's liability may be predicated under the applicable statutes," *Coble v. Coble*, 300 N.C. 708, 713, 268 S.E.2d 185, 189 (1980) (holding that the trial court's "finding of fact" that the plaintiff needed financial assistance for the support of her children and that the defendant was capable of providing such assistance was, in actuality, a conclusion of law). *See also State v. McFarland*, 234 N.C. App. 274, 284, 758 S.E.2d 457, 465 (2014) (holding that "a conclusion of law requires 'the exercise of judgment' in making a determination, 'or the application of legal principles' to the facts found") (quoting *Sheffer v. Rardin*, 208 N.C. App. 620, 624, 704 S.E.2d 32, 35 (2010)); *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (noting that "a determination which requires the exercise of judgment or the application of legal principles is more appropriately a conclusion of law"). Although the issue of whether an officer had probable cause to support a defendant's arrest for impaired driving exists certainly contains a factual component, the proper resolution of that issue inherently "requires the exercise of judgment or the application of legal principles," *In re Helms*, 127 N.C. App. at 510, 491 S.E.2d at 675, and constitutes a conclusion of law subject to *de novo* review rather than a finding of fact which cannot be disturbed on appeal without a determination that none of the evidence contained in the record supports that decision.

According to defendant, we are precluded from reaching exactly this result by our decision in *Bartlett*, 368 N.C. at 312, 776 S.E.2d at 674. Defendant's argument, however, rests upon a misreading of that decision. To be sure, we held in *Bartlett*

that a material evidentiary conflict "must be resolved by explicit factual findings that show the basis for the trial court's ruling." *Bartlett*, 368 N.C. at 312, 776 S.E.2d at 674. However, the material evidentiary conflict that existed in *Bartlett*, which involved differing expert opinions concerning the extent, if any, to which a defendant's performance on certain field sobriety tests indicated impairment, simply does not exist in this case. *Id.* at 312, 776 S.E.2d at 674. Although *Bartlett* does make reference to "a fact that is essential to the probable cause determination—defendant's apparent degree of impairment," *id.* at 312, 776 S.E.2d at 674, the language in question refers to necessity for the trial court to resolve the factual conflict that existed between the testimony of the two witnesses rather than to a determination that the extent to which probable cause exists to support the arrest of a particular person is a factual, rather than a legal, question. As a result, while the actual observations made by arresting officers and the extent to which a person suspected of driving while impaired exhibits indicia of impairment involve questions of fact that must be resolved by findings that are subject to a sufficiency of the evidence review on appeal, the extent, if any, to which these factual determinations do or do not support a finding that an officer had the probable cause needed to make a particular arrest is a conclusion of law subject to *de novo* review.

Thus, for the reasons set forth above, we hold that the unchallenged facts found by the trial courts, including those relating to defendant's red and glassy eyes, the presence of a moderate odor of alcohol emanating from defendant's person,

defendant's admission to having consumed three beers prior to driving, and defendant's performance on the field sobriety tests that were administered to him by Officer Anderson suffice, as a matter of law, to support Officer Anderson's decision to place defendant under arrest for impaired driving. As a result, we affirm the decision of the Court of Appeals.

AFFIRMED.